Larry Leon CHANEY, Petitioner,

v.

John N. BROWN, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. F–77–699.

Court of Criminal Appeals of Oklahoma.

April 25, 1985.

Allen M. Smallwood, Tulsa, for petitioner.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

BRETT, Judge:

Larry Leon Chaney was convicted in Tulsa County District Court, Case No. CRF–77–756, for First Degree Murder and was sentenced to suffer the death penalty. That conviction was appealed to the Court of Criminal Appeals Case No. F–77–699, and was affirmed. *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980). Certiorari was denied by the United States Supreme Court, 450 U.S. 1025, 101 S.Ct. 1731, 68 L.Ed.2d 219, and Chaney commenced his Post-Conviction Relief Application in the Tulsa County District Court. That application was denied and that denial was affirmed by the Court of Criminal Appeals in Case No. PC–82–487 (Okl.Cr.Feb. 3, 1983). He filed a petition for issuance of the writ of habeas corpus in the United States District Court for the Northern District of Oklahoma, in Case No. 83–C–0519–BT. The writ was denied by that Court from which Chaney lodged an appeal in the United States Court of Appeals, for the Tenth Circuit. In *Chaney v. Brown*, 730 F.2d 1334 (10th Cir. 1984), the United States Court of Appeals affirmed the judgment of conviction, but reversed the sentence of death and remanded the matter to the United States District Court for the Northern District of Oklahoma for further proceedings. The State of Oklahoma appealed to the United States Supreme Court for writ of certiorari, which was denied in *Brown v. Chaney*, — U.S. ——, 105 S.Ct. 601, 83 L.Ed.2d 710 (1984). Thereafter, on December 20, 1984, the United States District Court for the Northern District of Oklahoma remanded the matter to the Court of Criminal Appeals in accordance with the Court of Appeals directive, stating the following:

> Pursuant to the Judgment entered by the United States Court of Appeals for the Tenth Circuit December 17, 1984, Judgment is hereby entered that the writ of habeas corpus is denied but that, determining the case as law and justice require, the death sentence of petitioner

heretofore imposed is adjudged invalid under the Eighth and Fourteenth Amendments to the United States Constitution, and the execution of the Petitioner under this invalid death sentence is enjoined; and that the judgment is without prejudice to further proceedings by the State for re-determination of the sentence on the conviction, at which proceedings the petitioner is afforded an opportunity to present all evidence relevant to mitigating circumstances or to the aggravating circumstances alleged, including the withheld evidence discussed herein, along with any other evidence relevant to the sentencing proceedings.

In the brief submitted by the Attorney General, the request is made of this Court to allow a re-sentencing of Chaney; or, grant a new trial; or, allow the State to proceed against Chaney for the death of Kathy Ann Brown in Tulsa County District Court, Case No. CRF–77–755. Chaney's response to the State's motion to allow retrial or resentencing requests this Court to follow the provisions of *Johnson v. State*, 665 P.2d 815 (Okl.Cr.1982) and *Eddings v. State*, 688 P.2d 342 (Okl.Cr.1984), and to modify Chaney's sentence to life imprisonment in accordance with due process of law.

In *Johnson* on rehearing this Court stated:

> We are now convinced that a plain reading of 21 O.S.1981, § 701.13, does not authorize this Court to remand a death case, tried before a jury, solely for a resentencing before a different jury, even when error occurs only in the sentencing stage. Section 701.13(E) provides that with regard to review of death sentences this Court shall be authorized to:
>
> 1. Affirm the sentence of death; or,
> 2. Set the sentence aside and remand the case for modification of the sentence to imprisonment for life.
>
> Therefore, since this Court is unwilling to speculate as to the effect the improper aggravating circumstance, murder for remuneration, had on the jury's recommendation to impose the death penalty,

we find it necessary to modify the sentence to life imprisonment in accordance with Section 701.13(E). When prejudicial error occurs in the sentencing stage of the trial only, this Court has consistently modified the death sentence to life imprisonment and otherwise affirmed. *See, Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983); *Odum v. State*, 651 P.2d 703 (Okl.Cr.1982); *Burrows v. State*, 640 P.2d 533 (Okl.Cr.1982); *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980), in which this Court reached the same result on these grounds.

In *Chaney v. Brown*, the United States Court of Appeals stated, in part:

We are convinced that the withheld evidence, considered as a whole in conjunction with the trial record, 'might have affected' the jury's decision on the death penalty under the *Agurs* test.[1] ... Therefore, we conclude that there was constitutional error in refusing to disclose the reports after the specific pretrial request for such evidence.

. . . .

Since we have concluded that the previously imposed death sentence cannot constitutionally stand, a new sentence will be imposed and the terms of Chaney's request will not require a federal evidentiary hearing.

. . . .

[A]lthough petitioner's first degree murder conviction is not invalid, the death penalty imposed following such error must be adjudged constitutionally infirm. Accordingly, the order of the District Court for the Northern District of Oklahoma is affirmed with respect to denial of the writ; the order is reversed with respect to its denial of all further relief. The case is remanded to the District Court with directions to enter judgment that the writ of habeas corpus is denied but that, determining the case as law and justice require, the death sentence of petitioner heretofore imposed is adjudged invalid under the Eighth and Fourteenth Amendments to the United States Constitution, and the execution of the petitioner

under this invalid death sentence is enjoined; . . . .

730 F.2d at 1357–58.

█ Notwithstanding the directives of the Honorable United States Court of Appeals and the United States District Court for the Northern District of Oklahoma, which imply that this case may be remanded for resentencing, we find no authority whereby either of those Honorable Courts is conferred with the power to create authority in this Court that is not already provided by statute, as the Attorney General would lead us to believe. Had the United States Court of Appeals reversed the judgment and sentence, it would clearly be proper to retry Chaney for all four charges that originally faced him. But in actuality, that Court merely vacated the death sentence leaving the judgment finding Chaney guilty of the crime of First Degree Murder intact. Consequently, we fail to find any statutory basis on which Chaney's conviction may be reversed for the purpose of retrial.

█ Likewise, for the same reasons stated in *Eddings*, supra, we decline to overrule *Johnson v. State*, supra. We concede, as the Attorney General sets forth in his brief, "both the Tenth Circuit and the Federal District Court apparently feel that there are no constitutional impediments to the re-sentencing of defendant." While we find no constitutional impediments, we fail to find statutory authority for this Court to remand a death sentence, as in this case, for the purpose of resentencing by a jury other than the one that imposed the death sentence. Consequently we are left with the only alternative, to modify the sentence.

We are therefore of the opinion, as the United States Court of Appeals sets forth, as law and justice require we are required to modify the sentence imposed on Larry Leon Chaney, in Tulsa County District Court, Case No. CRF–77–756, from death to life imprisonment.

Therefore, the judgment and sentence, as MODIFIED, is AFFIRMED.

1. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

PARKS, P.J., specially concurring.

BUSSEY, J., dissenting.

PARKS, Presiding Judge, specially concurring:

I write separately only to emphasize that it is our State statute, not the United States or Oklahoma constitution, which prohibits resentencing of this appellant. As Judge Brett has explained in the course of his opinion, 21 O.S.1981, § 701.13(E) allows this Court one remedy only if error has tainted the validity of the sentencing stage of trial, and that is to modify the sentence to life imprisonment. The Attorney General's public policy arguments against this statute are therefore better addressed to the Legislature, rather than this Court.

BUSSEY, Judge, dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion in *Johnson v. State,* 665 P.2d 815 (Okl.Cr.1982).