Lonnie Joe DUTTON, Petitioner,

v.

The Honorable Bryan DIXON,
Oklahoma County District
Judge, Respondent.

No. P–88–56.

Court of Criminal Appeals of Oklahoma.

May 25, 1988.

James W. Berry, Berry, Berry & Johnson, Oklahoma City, for petitioner.

Ray C. Elliott, Asst. Dist. Atty., Kayce Gisinger, Legal Intern, Oklahoma City, for respondent.

Robert H. Henry, Atty. Gen., David W. Lee, Chief, Criminal/Federal Div., Sandra D. Howard, Asst. Atty. Gen., amicus curiae.

## OPINION

PARKS, Judge:

On January 26, 1988, petitioner filed an application for a writ of prohibition and/or mandamus to prevent the Honorable Respondent from conducting a capital resentencing trial under 21 O.S.Supp.1985, § 701.13(E)(2), in Oklahoma County District Court, Case No. CRF–79–105. On January

27, 1988, this Court stayed the proceedings and directed a response from the Honorable Respondent or his authorized representative. On February 5, 1988, Oklahoma County Assistant District Attorney Ray Elliott and Legal Intern Kayce Gisinger filed a response brief on behalf of, and as authorized by, the Honorable Respondent. Oral argument was held on February 11, 1988. Subsequently, upon order of this Court, both parties filed supplemental briefs on February 16, 1988. The Attorney General's Office was granted leave to file an *amicus curiae* response and supplemental brief.

## I.

## PROCEDURAL BACKGROUND

Petitioner was tried by jury and convicted of first degree murder and sentenced to death in May, 1979. Petitioner's attorneys of record, J. Malone Brewer and William Smalley, were removed in 1981 and 1982 respectively for failure to prosecute the mandatory appeal. Petitioner's current attorney, James W. Berry, filed a brief in November, 1982, and the case was argued in 1983. Petitioner's first degree murder conviction and sentence of death was affirmed on direct appeal in a unanimous opinion authored by former Judge Tom Cornish. *Dutton v. State*, 674 P.2d 1134 (Okla.Crim.App.1984), *cert. denied*, 467 U.S. 1256, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). Petitioner's appeal from denial of state post-conviction relief was denied in an unpublished order in PC–84–665, on February 8, 1985. His petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma was denied on July 12, 1985. The Tenth Circuit Court of Appeals affirmed the denial of habeas corpus relief in *Dutton v. Brown*, 788 F.2d 669 (10th Cir.1986). Following rehearing *en banc*, however, petitioner's death sentence was vacated by the Tenth Circuit's holding that the trial court erred in refusing to allow petitioner's mother to testify to mitigating evidence during the second stage, on the basis of noncompliance with the order of sequestration. *Dutton v. Brown*, 812 F.2d 593, 599–

602 (10th Cir.1987). The Tenth Circuit directed the district court "to issue a writ of habeas corpus, modifying petitioner's sentence to life imprisonment unless the State, within such reasonable time as the district court may fix, commences new sentencing proceedings to relitigate the issue of punishment." *Id.* at 602. The Tenth Circuit expressed "no view on whether it would violate the United States Constitution to apply the [resentencing] statute retroactively." *Id.* at 602 n. 10.

## II.

## OKLAHOMA'S CAPITAL RESENTENCING STATUTE

In 1981, Oklahoma's Mandatory Capital Sentence Review Statute provided that this Court shall be authorized to affirm the sentence of death or "[s]et the sentence aside and remand the case for modification of the sentence to imprisonment for life." 21 O.S. 1981, § 701.13(E). Under 22 O.S. 1981, § 1066, this Court "may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial." In 1982, it was held that the Court of Criminal Appeals had the authority under Section 701.13(E) and Section 1066 to remand a capital case for resentencing by a new jury. *Johnson v. State*, 665 P.2d 815, 825–26 (Okla.Crim.App.1982). On rehearing, however, the Court reversed its position holding it lacked the authority to order a resentencing proceeding before a new jury, because 21 O.S. 1981, § 701.10, mandates that a capital sentencing proceeding "shall" be conducted before the same jury that adjudicated the defendant's guilt. *Id.* at 826–27. Judge Bussey dissented stating "I do not believe the majority correctly construes the legislative intent of our statute as prohibiting the remanding of a case for a resentencing hearing, or for a new trial when the only error occurs during the sentencing stage." *Id.* at 827.

Where errors have occurred during the sentencing stage of a capital trial, with

one recent exception,[1] we have consistently modified the death sentence to life imprisonment on the basis of 21 O.S. 1981, § 701.13(E)(2). *Chaney v. Brown,* 699 P.2d 159, 161 (Okla.Crim.App.1985); *Eddings v. State,* 688 P.2d 342, 344 (Okla. Crim.App.1984), *cert. denied,* 470 U.S. 1051, 105 S.Ct. 1750, 84 L.Ed.2d 814 (1985); *Boutwell v. State,* 659 P.2d 322, 329 (Okla. Crim.App.1983); *Odum v. State,* 651 P.2d 703, 707 (Okla.Crim.App.1982); *Burrows v. State,* 640 P.2d 533, 552–53 (Okla.Crim. App.1982), *cert. denied,* 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 480 (1983); *Irvin v. State,* 617 P.2d 588, 601–02 (Okla.Crim. App.1980). This writer wrote a special concurrence in *Chaney,* 699 P.2d at 162, stating:

> I write separately only to emphasize that it is our State statute, not the United States or Oklahoma Constitution, which prohibits resentencing of this appellant. As Judge Brett has explained in the course of his opinion, 21 O.S. 1981, § 701.13(E) allows this Court one remedy only if error has tainted the validity of the sentencing stage of trial, and that is to modify the sentence to life imprisonment. The Attorney General's public policy arguments against this statute are therefore better. addressed to the Legislature, rather than this Court.

Effective July 16, 1985, the Oklahoma Legislature amended Section 701.13(E), to authorize this Court to affirm a death sentence or "[s]et the sentence aside and remand the case for resentencing by the trial court." 21 O.S.Supp.1985, § 701.13(E). In *Green v. State,* 713 P.2d 1032, 1041 (Okla. Crim.App.1985), *cert. denied,* — U.S. —, 107 S.Ct. 241, 93 L.Ed.2d 732 (1985), Judge Brett concurred in this writer's opinion holding that the 1985 resentencing amendment to Section 701.13(E) could not be applied retroactively without violating the *ex post facto* clause of Article I, Section 10 of the United States Constitution, because it would deprive the appellant of a substan-

tial right—the right to have his death sentence modified to life imprisonment—under the law applicable at the time of the offense. *Id.* at 1041 n. 4. In *Green,* coappellant Parker's death sentence was modified to life imprisonment because the State failed to present sufficient evidence to support the aggravating circumstance that the defendant was previously convicted of a felony involving the use or threat of violence to the person. *Id.* at 1043.

The *Green* decision was later overruled by a majority of this Court, but only to the extent that it refused to retroactively apply the 1985 amendment to 21 O.S.1981, § 701.13(E) deleting proportionality review. *See Brewer v. State,* 718 P.2d 354, 365–66 n. 1 (Okla.Crim.App.1986), *cert. denied,* — U.S. —, 107 S.Ct. 245, 93 L.Ed.2d 169 (1986); *Foster v. State,* 714 P.2d 1031, 1041 (Okla.Crim.App.1986), *cert. denied,* — U.S. —, 107 S.Ct. 249, 93 L.Ed.2d 173 (1986). Neither *Brewer* nor *Foster* raised the issue of retroactive application of the resentencing provision of the 1985 amendment. Thus, under *Green,* petitioner appears to be entitled to the relief requested.

### III.

### EX POST FACTO LAWS

The United States and Oklahoma Constitutions prohibit the passage of *ex post facto* laws. U.S. Const. art. I, § 10; Okla. Const. art. II, § 15. As Justice O'Connor recently noted:

> Our understanding of what is meant by *ex post facto* largely derives from the case of *Calder v. Bull,* 3 Dall. 386, 1 L.Ed. 648 (1798), in which this Court first considered the scope of the *ex post facto* prohibition. In *Calder,* Justice Chase ... summarized his understanding of what fell 'within the words and intent of the prohibition': 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.

---

**1.** This Court may independently reweigh aggravating and mitigating circumstances where one of several aggravating circumstances has been invalidated, in order to determine the factual substantiation and validity of a death sentence

under 21 O.S.1981, § 701.13(F), and whether the death sentence is arbitrary or capricious after the invalid aggravating circumstance is removed. *See Stouffer v. State,* 742 P.2d 562, 564 (Okla.Crim.App.1987).

2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender. *Id.*, at 390 (emphasis omitted) (citations omitted)

*Miller v. Florida,* 482 U.S. ——, ——, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351 (1987). "[T]o fall within the *ex post facto* prohibition, two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" *Id.,* at ——, 107 S.Ct. at 2451.

The application of the 1985 amendment to Section 701.13(E) providing for resentencing following the finding of second stage errors on appeal to petitioner clearly involves a retrospective application of the law. Respondent concedes that petitioner's death sentence would be modified to life imprisonment under the former sentence review statute which was in effect at the time petitioner committed the acts leading to his conviction. *Brief of Respondent,* at 2. Accordingly, the retrospective requirement has been met here.

Respondent argues that because the deletion of proportionality review was viewed as a procedural change in *Brewer* and *Foster,* then the provision for resentencing must likewise be viewed as procedural. Respondent contends that the amendment to Section 701.13(E) is procedural in nature, and that a procedural change "is not ex post facto even though it may work to the disadvantage of a defendant. *Hopt v. Utah,* 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884)." *Brief of Respondent,* at 6. Respondent maintains that the resentencing provision of the 1985 amendment does not make the current law more onerous than the prior law. Respondent's argument must be placed in the context of the United States Supreme Court's most recent opinion in this area:

[E]ven if a law operates to the defendant's detriment, the *ex post facto* prohibition does not restrict 'legislative control of remedies and modes of procedure which do not affect matters of substance.' *Dobbert,* 432 U.S., at 293, 97 S.Ct., at 2298. Hence, no *ex post facto* violation occurs if the change in the law is merely procedural *and does 'not increase the punishment,* nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.' *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 28 L.Ed. 262 (1884). *See Dobbert, supra,* at 293–294, 97 S.Ct., at 2298 ... On the other hand, a change in the law that alters a substantial right can be *ex post. facto* 'even if the statute takes a seemingly procedural form.' *Weaver,* 450 U.S., at 29, n. 12, 101 S.Ct., at 964, n. 12.

*Miller,* 482 U.S. at ——, 107 S.Ct. at 2452–53 (emphasis added). "[A] procedural change which does not injuriously affect a substantial right to which the accused was entitled as of the time of his offense is not ex post facto though retroactive; but it is otherwise if it does deprive him of a substantial right." W. LeFave & A. Scott, Jr., *Substantive Criminal Law* 141 (West 1986).

Respondent and *amicus curiae* argue that petitioner will not be deprived of a substantial right, because at the time of the commission of the offense the punishment for first degree murder was life imprisonment or death and, on resentencing, the punishment is life imprisonment or death. If we were to accept the respondent's contention, however, we would have to ignore the following holding in *Lindsey v. Washington,* 301 U.S. 397, 400–01, 57 S.Ct. 797, 798–99, 81 L.Ed. 1182 (1937):

To answer [the question of whether a later standard is more onerous than the earlier one] we compare the *practical operation of the two statutes as applied to petitioners' offense ... [T]he ex post facto clause looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed. The Constitution forbids the application of any new punitive mea-*

*sure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer ... It is for this reason that an increase in the possible penalty is ex post facto ... regardless of the length of the sentence actually imposed,* since the measure of punishment prescribed by the later statute is more severe than that of the earlier ... (citations omitted) (emphasis added).

Clearly, if the statute in effect at the time of the commission of petitioner's offense is applied, in view of the second stage error, petitioner's death sentence would automatically be modified to life imprisonment. 21 O.S.1981, § 701.13(E)(2); *Green,* 713 P.2d at 1041 n. 4, 1043. Under the current statute, petitioner's death sentence would be set aside and remanded for resentencing by the trial court. 21 O.S.Supp. 1985, § 701.13(E)(2). The question is whether the petitioner will be deprived of a substantial right by application of the new statute. According to *Lindsey,* 301 U.S. at 400, 57 S.Ct. at 798, a comparison of the "practical operation of the two statutes as applied to [petitioner's] offense" shows that application of the current statute will deprive petitioner of the right to have his death sentence automatically modified to life imprisonment and the right not to face the possibility of a death sentence, which he would have been entitled to under the former statute in effect at the time of the petitioner's offense. The 1985 amendment to Section 701.13(E)(2) clearly increased the punishment that had been previously available where second stage errors were found pursuant to the mandatory sentence review conducted by this Court. Accordingly, under the rationale of *Lindsey,* we believe that petitioner is entitled to the relief he has requested. The United States Supreme Court confirmed the continued validity of *Lindsey* in *Miller,* 482 U.S. at ——, 107 S.Ct. at 2452.

We believe respondent's reliance on *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), is misplaced. In *Dobbert,* it was held that a defendant's sentence of death did not violate the ex post facto prohibition where it was imposed pursuant to a new statute, which afforded significantly more safeguards to the defendant, superceding an earlier statute which was in effect at the time of the crime and which had been thereafter declared unconstitutional. The Court held that the defendant was not significantly disadvantaged and the new statute "did not work an onerous application of an *ex post facto* change in the law," because the changes in the law were ameliorative. *Id.* at 294–97, 97 S.Ct. at 2299–2300. Unlike *Dobbert,* here respondent has not identified any feature of 21 O.S.Supp.1985, § 701.13(E)(2) that could be considered ameliorative. *See Miller,* 482 U.S. at ——, 107 S.Ct. at 2452. *Dobbert* is therefore distinguishable from the instant case. On the basis of the foregoing, we are not persuaded by the rationale of *Pickens v. State,* 730 S.W.2d 230, 235 (Ark.1987), not cited by either party, which relies solely on *Dobbert* in upholding retroactive application of a resentencing statute under similar circumstances.

Respondent also relies on *State v. Norton,* 675 P.2d 577 (Utah 1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984). The *Norton* decision, however, completely fails to address the impact of *Lindsey v. Washington,* 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937), which we believe is critical to a proper disposition of this case. We find the dissent of Justice Stewart more persuasive, as he recognizes and applies the principles enunciated in *Lindsey. Norton,* 675 P.2d 589, 591 (Stewart, J., concurring in part and dissenting in part). The fact that the United States Supreme Court denied a petition for a writ of certiorari in *Norton* has no bearing on our decision, since the refusal to accept certiorari is not a decision on the merits and has no precedential value. J. Nowak, R. Rotunda & J. Young, *Constitutional Law* 31 (3d ed. 1986). A denial of certiorari "simply means that fewer than four members of the Court deemed it desirable to review a decision of the lower court as a matter 'of sound judicial discretion.'" *Singleton v. Commissioner,* 439 U.S. 940, 942, 99 S.Ct. 335, 337, 58 L.Ed.2d 335 (1978) (Stevens, J.).

We hold that the retroactive application of the 1985 resentencing amendment of Section 701.13(E)(2) to petitioner would constitute a violation of the Federal and Oklahoma Constitutions as an *ex post facto* application of a law which "inflicts a greater punishment than the law annexed to the crime at [the] time it was committed or alters [the] situation of [an] accused to his disadvantage." *Spitznas v. State,* 648 P.2d 1271, 1276 (Okla.Crim.App.1982). *See* U.S. Const. art. I, § 10; Okla. Const. art. II, § 15; *Duncan v. Missouri,* 152 U.S. 377, 382, 14 S.Ct. 570, 572, 38 L.Ed. 485 (1894); *Riggs v. Branch,* 554 P.2d 823, 825 (Okla.Crim.App.1976); *Conn v. Page,* 462 P.2d 346, 348 (Okla.Crim.App.1969). While the 1985 resentencing amendment may appear to take "a seemingly procedural form," *Weaver v. Graham,* 450 U.S., at 29 n. 12, 101 S.Ct., at 964 n. 12, in its practical operation it deprives the petitioner of a substantial right and, under *Miller,* 482 U.S. at ——, 107 S.Ct. 2453–54, it is therefore *ex post facto.*

### IV.

### STATUTORY CONSTRUCTION

█ Finally, with regard to statutory construction and retroactivity, both parties were directed to address the applicability of 22 O.S.1981, § 3 which provides: "No part of this code is retroactive unless expressly so declared." Respondent and *amicus curiae* argue that because the resentencing statute is codified in Title 21 at 21 O.S. Supp.1985, § 701.13(E)(2), and Title 21 is the Penal Code, Section 3 of Title 22, the Code of Criminal Procedure, is not applicable. Respondent and *amicus curiae* point out that the words "this code" are expressly defined to mean Oklahoma statutes only in Title 22 and not in Title 21. Title 21 O.S.1981, § 2 provides: "No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code. The words 'this code' as used in the 'penal code' shall be construed to mean 'Statutes of this State.'"

We are not persuaded by this argument. First, it places form over substance. The problem with this position is that respon-

dent and *amicus curiae* want to label the resentencing statute as being procedural for purposes of determining the *ex post facto* issue, but not for the purpose of determining the application of 22 O.S.1981, § 3. We do not believe that the State can have it both ways. Second, by its own terms, Title 22 "applies to criminal actions...." 22 O.S.1981, § 8.

The 1985 resentencing amendment contains no language, express or implied, indicating that it was intended to be applied retroactively. *Compare* Ark.Stat.Ann. § 41–1358(e) (Supp.1985). "It is well established that unless a legislative enactment by its very own language is to apply retroactively, it can apply prospectively only." *Freshour v. Turner,* 496 P.2d 389, 392 (Okla.Crim.App.1972), *overruled on other grounds, Dean v. Crisp,* 536 P.2d 961, 963 (Okla.Crim.App.1975), *overruled on other grounds, Edwards v. State,* 591 P.2d 313, 317 (Okla.Crim.App.1979). "All statutes are construed as having prospective operation unless the Legislature clearly intended otherwise. If there is any doubt, it must be resolved against the retroactive effect." *In re McNeely,* 734 P.2d 1294, 1296, n. 7 (Okla.1987) (citations omitted).

█ Relying on the Utah Supreme Court's reasoning in *State v. Norton,* 675 P.2d at 585, *amicus curiae* urges this Court to adopt an exception to the general rule of nonretroactivity that allows procedural remedial statutes to apply to pending actions. We decline to do so as adoption of such an exception would circumvent the mandate of 22 O.S.1981, § 3, for the reasons already given. Moreover, as the Virginia Court of Appeals has recently noted:

There appears to be no good reason for excluding ... remedial statutes, from the general rule, that retroactive or retrospective legislation is not favored, in the absence of any words expressing a contrary intention. Undoubtedly, the legislature may declare a statute dealing with remedial legislation, or one not affecting vested rights, to have a retroactive operation. It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention.

*Shilling v. Commonwealth,* 359 S.E.2d 311, 315 (Va.App.1987) (quoting *McIntosh v. Commonwealth,* 213 Va. 330, 331–32, 191 S.E.2d 791, 792 (1972)). We agree with this reasoning under the circumstances of this case.

Finally, *amicus curiae* cite our recent opinion on rehearing in *Castro v. State,* 749 P.2d 1146 (Okla.Crim.App.1987). The issue in *Castro* concerned the retroactive application of a judicial decision adopted by this Court in an opinion on rehearing in *Stouffer v. State,* 742 P.2d 562, 564 (Okla.Crim. App.1987), allowing this Court to independently reweigh aggravating and mitigating circumstances to determine the validity of a death sentence where one of the aggravating circumstances found by the jury was determined to be invalid. We find *Castro* to be distinguishable from the instant case and do not believe it requires a contrary result; however, we decline to address the impact of our decision today on our holding in *Castro,* until the issue is properly before this Court.

## V.

### CONCLUSION

For all of the foregoing reasons, we find that petitioner has met his burden of showing the necessary requirements for the issuance of a writ of prohibition. *See James v. Rogers,* 734 P.2d 1298, 1299 (Okla.1987); *Woolen v. Coffman,* 676 P.2d 1375, 1376 (Okla.Crim.App.1984). Accordingly, the Honorable Respondent is hereby prohibited from conducting a resentencing trial in Oklahoma County Case No. CRF–79–105. Further, a writ of mandamus is issued directing the Honorable Respondent to modify petitioner's death sentence to life imprisonment under 21 O.S.1981, § 701.13(E)(2). The prior stay is vacated, and the writs of prohibition and mandamus, as herein specified, are GRANTED.

BRETT, P.J., concurs.

BUSSEY, J., dissents.