Bigler Jobe STOUFFER, II, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. F–85–443.

Court of Criminal Appeals of Oklahoma.

July 31, 1987.

**OPINION ON REHEARING**

BUSSEY, Judge:

Petitioner, Bigler Jobe Stouffer, II, was convicted of Murder and Shooting with Intent to Kill. He received the death penalty

and life imprisonment, respectively. On direct appeal his judgment and sentences were affirmed, and he petitions this Court for rehearing.

## I

Petitioner urged on direct appeal and on rehearing that the statutory aggravating circumstance that the murder was especially heinous, atrocious or cruel is being applied in an overbroad and unconstitutional manner, and that the jury's finding of it in his case violated his Eighth and Fourteenth Amendment rights.

One of the three aggravating circumstances found by the jury to be present in petitioner's case was that the murder was "especially heinous, atrocious, or cruel." The United States Court of Appeals for the Tenth Circuit recently held, relying upon the plurality opinion in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), that this Court's construction of this aggravating circumstance is "unconstitutionally vague." *Cartwright v. Maynard*, 822 F.2d 1477, 1482 (10th Cir.1987).

In *Godfrey*, the United States Supreme Court considered the Georgia Supreme Court's construction and application of a similar aggravating circumstance to murder: that the murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim."[1] The United States Supreme Court had previously held that the statutory aggravating circumstance was not unconstitutional on its face, *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), but later found that the Georgia court had adopted such a broad and vague construction of the statutory language so as to violate the Eighth and Fourteenth Amendments to the United States Constitution. *Godfrey*.

■ The discretion given the sentencer in capital cases must be directed and limited so as to prevent the arbitrary and capricious imposition of the death sentence.

*Gregg*. A statutory aggravating circumstance must function to genuinely narrow the class of persons eligible for the death penalty. *Zant v. Stephens*, 462 U.S. 862, 878, 103 S.Ct. 2733, 2743, 77 L.Ed.2d 235, 250 (1983). It must do so by channeling the sentencer's discretion with clear and objective standards that provide specific and detailed guidance, and that make rationally reviewable the process for imposing a sentence of death. *Godfrey*, 446 U.S. at 428, 100 S.Ct. at 1764–65.

■ The jury in Stouffer's case was given the uniform jury instruction, OUJI–CR 436, defining the aggravating circumstance "especially heinous, atrocious, or cruel." It provides:

As used in these instructions, the term "Heinous" means extremely wicked or shockingly evil; "Atrocious" means outrageously wicked or vile, "Cruel" means pitiless, or designed to inflict a high degree of pain, with utter indifference to, or enjoyment of, the sufferings of others.

The phrase "Especially heinous, atrocious, or cruel" is directed to those crimes where the death of the victim was preceded by torture of the victim or serious physical abuse.

The objective guidance given the jury by this instruction is that of the second paragraph limiting its application to instances of death preceded by torture or serious physical abuse. Otherwise, the language could include many murders. *See Godfrey*. However, we find that in the cases appearing before this Court, this circumstance has been construed to not necessarily require torture or serious physical abuse of the victim.[2] But we now hold that it does, and restrict its application to those murders in which torture or serious physical abuse is present.

■ We find that the evidence in the present case does not support a finding of the aggravating circumstance that the murder was especially heinous, atrocious,

---

**1.** Ga.Code § 27–2534.1(b)(7) (1978).

**2.** *See* discussions in *Nuckols v. State*, 690 P.2d 463 (Okl.Cr.1984) and *Cartwright v. State*, 695 P.2d 548 (Okl.Cr.1985) of the construction and application of this aggravating circumstance.

or cruel. To that extent, we modify our main opinion on petitioner's direct appeal, *Stouffer v. State,* 738 P.2d 1349 (Okl.Cr. 1987).

Linda Reaves was asleep on a sofa at Doug Ivens' home when petitioner arrived during the evening of the homicide. Appellant borrowed a loaded gun from Ivens on the pretense of protecting Ivens' former wife and his daughters from burglars at their home. Stouffer then shot Ivens twice, shot Reaves twice in the head and shot Ivens once again before leaving Ivens' home. There was no reason to believe from the evidence that Reaves was conscious after the first shot. She expired within minutes at the scene.

The facts of this homicide bear a striking similarity to those in *Odum v. State,* 651 P.2d 703 (Okl.Cr.1982). The victim in *Odum* was shot once in the neck, became unconscious and died within a matter of minutes. This Court held that in the absence of evidence of physical or mental suffering, the aggravating circumstance that it was heinous, atrocious, or cruel was not supportable. The same is true in the present case. We note specially that the jury, in evaluating the existence of this aggravating circumstance, was not presented with any constitutionally infirm or otherwise improper evidence. *Zant; Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). The State's argument of its existence rested entirely on the facts and circumstances of the homicide.

■ The jury in Stouffer's trial properly found beyond a reasonable doubt that two other aggravating circumstances existed: that the murder was committed for the purpose of avoiding or preventing a lawful

arrest and prosecution and that petitioner knowingly created a great risk of death to more than one person.[3] In the past, this Court has refused to "speculate as to whether the jury would have imposed the death sentence in the absence of the infirm aggravating circumstance." *Boutwell v. State,* 659 P.2d 322, 329 (Okl.Cr.1983). However, we find this position to be unnecessarily deferential in light of the authority and responsibility given this Court by the Legislature to review capital sentences. In addition to determining whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor and whether the evidence supports the finding of a statutory aggravating circumstance, 21 O.S.1986 Supp., § 701.13 (C), this Court must make a sentence review which includes factual substantiation of the verdict and determining the validity of the sentence. 21 O.S.1986 Supp., § 701.13(F). A weighing of the aggravating circumstances versus mitigating factors is implicit to such a review.

■ Upon careful consideration of the evidence supporting the aggravating circumstances, and the evidence of circumstances which may in fairness and mercy be considered as extenuating or reducing the degree of moral culpability,[4] we find the sentence of death factually substantiated and appropriate. Due to overwhelming evidence of guilt and the jury's rejection of Stouffer's defense of self-defense and accident, the jury's finding that the murder was heinous, atrocious, or cruel was at most harmless error.[5] *Box v. State,* 541 P.2d 262 (Okl.Cr.1975). Nor can we say that the sentence of death is arbitrary or capricious after the inappropriately determined aggravating sentence is removed from consideration and the aggravating

---

3. 21 O.S.1981, § 701.12.

4. This was the definition of mitigating circumstances given the jury at the sentencing stage. The State presented no witnesses in the sentencing stage and the defense called only a psychologist who testified that Stouffer had a personality disorder due to arrested development which is demonstrated by inadequate and immature judgment development level. The jury was advised that appellant's personality disorder and

lack of prior criminal conviction involving violence were minimum mitigating circumstances.

5. In *Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983), the Court discussed with approval application of a State harmless-error analysis when the sentencer improperly considered or invoked an aggravating circumstance in a capital case. In Florida, as in Oklahoma, the sentencer weighs aggravating and mitigating circumstances.

and mitigating circumstances are re-weighed.

## II

For the first time, petitioner contends in his Petition for Rehearing that he never received a mandatory second competency hearing citing *Kelly v. State*, 735 P.2d 566 (Okl.Cr.1987). In *Kelly*, this Court held that once a doubt of a defendant's competency to stand trial is raised, a second hearing must be conducted to determine competency before criminal proceedings are resumed. 22 O.S.1986 Supp., § 1175.4(A).

Stouffer never petitioned the trial court to determine his competency nor did he raise the issue of competency. *See* 22 O.S. 1981, § 1175.1 *et seq*. Section 1175.1(1) defines being competent as "the present ability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings against him, and is able to effectively and rationally assist in his defense." On February 19, 1985, Stouffer made an application to the District Court to be examined at his own expense by certain medical doctors and a psychologist for severe headaches, occasional blackouts, memory loss, and loss of vision occurring since June, 1984. Authorization was given for transport by the Sheriff's office to his doctors' offices. He was authorized to be taken to a psychologist's office, Dr. Call, who later testified of Stouffer's personality disorder at the sentencing hearing.

Petitioner's trial counsel did urge in his February 19, 1985, application that his physical symptoms were preventing him from assisting his counsel in preparing his defenses to the criminal charges, but never suggested he was rendered mentally incompetent to do so. We, therefore, find that petitioner did not qualify nor did he seek to qualify under our statutes dealing with competency and that 22 O.S.1986 Supp., § 1175.4(A), is inapplicable to his case.

The other issues raised by Stouffer in his Petition were sufficiently addressed in this Court's main opinion and do not require further discussion. The Petition for Re-hearing is DENIED except to the extent we have set forth above.

IT IS SO ORDERED.

BRETT, P.J., and PARKS, J., concur.