William Thomas
CARTWRIGHT, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. H–88–820.

Court of Criminal Appeals of Oklahoma.

July 31, 1989.

Mandy Welch, Deputy Appellate Public Defender, Norman, for petitioner.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

BUSSEY, Judge:

On October 4, 1988, petitioner filed an application for a writ of Habeas Corpus and Modification of Invalid Death Sentence to Life Imprisonment in Muskogee County District Court Case No. CRF-82-192. On November 16, 1988, oral argument on the matter was held before this Court.

### I.

### PROCEDURAL BACKGROUND

Petitioner was tried by jury and convicted of First Degree Murder and sentenced to death on October 25, 1982. Petitioner's first degree murder conviction and sentence of death was affirmed on direct appeal. *Cartwright v. State*, 695 P.2d 548 (Okl.Cr.1985), *cert. denied*, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985). Petitioner's appeal from denial of state post-conviction relief was denied. *Cartwright v. State*, 708 P.2d 592 (Okl.Cr.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). His petition for a writ of habeas corpus in the United States Dis-

trict Court for the Eastern District of Oklahoma was denied. The Tenth Circuit Court of Appeals affirmed the denial of habeas corpus relief in *Cartwright v. Maynard*, 802 F.2d 1203 (10th Cir.1986). Following rehearing en banc, however, petitioner's death sentence was vacated by the Tenth Circuit's holding that Oklahoma's aggravating circumstance that a murder was especially heinous, atrocious, or cruel was being applied in an unconstitutionally vague and overbroad manner. *Cartwright v. Maynard*, 822 F.2d 1477 (10th Cir.1987). The Tenth Circuit directed the district court "to enter judgment that the writ of habeas corpus is denied but as law and justice require, the death sentence of petitioner is invalid under the Eighth and Fourteenth Amendments to the United States Constitution." The Tenth Circuit further stated that the judgment was without prejudice to further proceedings by the State for redetermination of the sentence on the conviction. *Id.* at 1492. Finally, the Tenth Circuit expressed "no opinion concerning the constitutionality of a retroactive application of Oklahoma's [resentencing] procedure." *Id.* at 1492 n. 8. The State of Oklahoma appealed to the United States Supreme Court which delivered a unanimous opinion upholding the opinion of the Tenth Circuit. *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The Supreme Court also declared that its judgment was without prejudice to further proceedings in the state courts for redetermination of the appropriate sentence. *Id.* at 486 U.S. ——, 108 S.Ct. at 1860, 100 L.Ed.2d at 383.

## II.

In *Stouffer v. State*, 742 P.2d 562, 563–64 (Okl.Cr.1987) (Opinion on Rehearing), this Court reconsidered 21 O.S.1981, § 701.13(F), and held that it had the authority to independently reweigh aggravating and mitigating circumstances when, on appellate review, an aggravating circumstance found by the jury was determined to be invalid. We stated that such a review was implicit in this Court's obligation to make a factual substantiation of the verdict and determination of the validity of the sentence. *Id.* Prior to *Stouffer*, this Court had, when finding an error during the sentencing stage of trial, automatically modified the sentence to life imprisonment.

In *Castro v. State*, 749 P.2d 1146, 1150 (Okl.Cr.1987) (Opinion on Rehearing), this Court discussed the *ex post facto* aspects of *Stouffer*. We stated that the principles set forth in *Stouffer* did not deprive [defendants] of a defense which was previously available, or change the legal definition of the offense, or the punishment to be meted out, or affect the criminal quality of the act charged, or change the questions which may be considered by the jury in establishing guilt or innocence. *Castro*, at 1151. Finally, quoting *Dobbert v. Florida*, 432 U.S. 282, 293–94, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977), this Court asserted that procedural changes in a statutory capital sentencing scheme which simply alter the methods employed in determining whether the death penalty was to be imposed is not *ex post facto* even though it may work to the disadvantage of a defendant. *Id.* at 1150.

In *Dutton v. Dixon*, 757 P.2d 376, 381 (Okl.Cr.1988), a majority of this Court held that 21 O.S.Supp.1985, § 701.13(E)(2), which allows this Court to set aside a death sentence when error is found during the sentencing stage of trial and remand the case for resentencing by the trial court, cannot be applied retroactively. The prior statute automatically modified the sentence to life imprisonment if error was found in the sentencing stage. *See* 21 O.S.1981, § 701.13(E)(2). The *Dutton* court stated that "the retroactive application of the 1985 resentencing amendment of Section 701.-13(E)(2) ... would constitute a violation of the Federal and Oklahoma Constitutions as an *ex post facto* application of a law which inflicts a greater punishment than the law annexed to the crime at [the] time it was committed or alters [the] situation of [an] accused to his disadvantage." *Id.* at 381. The majority concluded, "[w]hile the 1985 resentencing amendment may appear to take a seemingly procedural form, in its practical operation it deprives the petitioner

of a substantial right, and ... it is therefore *ex post facto.*" *Id.* at 381.

We find the *ex post facto* analysis applied in *Castro* to be highly inconsistent with the *ex post facto* analysis applied in *Dutton.* *Castro* held that the retroactive application of a judicial interpretation of a statute, denying defendants automatic modification to life imprisonment, does not violate the *ex post facto* prohibition, while *Dutton* held that the retroactive application of a statute providing for resentencing violates *ex post facto* principles because it deprives defendants of a substantial right, i.e., automatic modification to life imprisonment.

### III.

In *Coleman v. Saffle,* 869 F.2d 1377 (10th Cir.1989), the Court stated that changes in the law by judicial construction implicate the Due Process Clause while the prohibition against *ex post facto* laws concerns legislative enactments. However, the Court applied *ex post facto* principles in deciding the due process issues of *Stouffer* because an unforseeable judicial enlargement of a criminal statute operates precisely like an *ex post facto* law. *Id.* at 1385. The Court stressed that the relevant inquiry in *ex post facto* analysis is whether the change impairs "substantial personal rights," or merely changes "modes of procedure which do not effect matters of substance."

In *Coleman,* the Court stated that an offender does not win an *ex post facto* argument by proving disadvantage alone. *See also Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977). The Court declared that the true focus of *ex post facto* analysis is on (1) the elements of the offense, (2) the conditions and quantum of punishment, and (3) the quantity and degree of proof necessary to establish guilt. *See also United States v. Affleck,* 765 F.2d 944, 948 (10th Cir.1985); *Beazell v. Ohio,* 269 U.S. 167, 170, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925).

■ We find that the amended statute allowing for resentencing does not violate the prohibition of *ex post facto.* As applied to the petitioner, the crime for which he was charged, the punishment prescribed therefor, and the quantity or degree of proof necessary to establish guilt, all remain unaffected by the amended statute. *See Miller v. Florida,* 482 U.S. 423, 433–34, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351, 362 (1987). Even on remand, petitioner faces the same possible punishment as before: life imprisonment or death. We therefore find the new sentencing amendment to be a procedural change in the law, and not prohibited by the *ex post facto* prohibition.

■ We also find the argument in *Dutton,* that defendants had a "right" to a mandatory sentence of life imprisonment if error was found in the sentencing stage of trial, to be inaccurate. Defendants may have had expectations that their sentences would automatically be modified to life imprisonment, but the *ex post facto* clause does not prevent the State from depriving a criminal defendant of an expectation as to a procedure that has not yet accrued to his benefit. *See State v. Norton,* 675 P.2d 577 (Utah 1983). We hold that petitioner can be resentenced under the amended statute without violating due process or the *ex post facto* prohibition of either the Oklahoma or Federal Constitutions.

### IV.

■ With regard to statutory construction and retroactivity, 22 O.S.1981, § 3 provides: "No part of this code is retroactive unless expressly so declared." In *Dutton,* the majority held that since the amendment contained no express language indicating its retroactive effect, it can only apply prospectively. *Dutton,* at 381. However, we find that we should adopt the statutory exception to the general rule of nonretroactivity, enunciated by the Utah Supreme Court in *State v. Norton, supra,* which allows procedural remedial statutes to apply to pending actions. For purposes of the exception, a case is pending from the time of its commencement until its final determination upon appeal. *Norton,* at 585. As we have already determined, the resentencing amendment is procedural, as

it has no substantive effect on petitioner's crime. The amendment may or may not affect the outcome when petitioner is resentenced, depending upon the sentencer's determination after properly weighing the mitigating and aggravating circumstances. Accordingly, 22 O.S.1981, § 3 does not prohibit application of the amended sentencing statute on remand. To the extent *Dutton v. Dixon*, 757 P.2d 376 (Okl.Cr.1988) is inconsistent with this opinion, it is hereby expressly overruled.

Finally, we are aware that 21 O.S.1981, § 701.10 appears to require that capital defendants be sentenced by the same jury that convicted them. However, statutes are to be construed so as to effectuate their purpose. *Owens v. State*, 665 P.2d 832, 834 (Okl.Cr.1983). Moreover, the more recent enactment, Section 701.13(E)(2) controls over Section 701.10. *See Delfrate v. State*, 732 P.2d 900, 902 (Okl.Cr.1987). Thus, we find that Section 701.13(E)(2) authorizes this Court to remand a capital case for resentencing before a new jury or before the trial judge, whichever is applicable.

## V.

We therefore hold that Case No. CRF-82-192 must be REMANDED to Muskogee County District Court for RESENTENCING pursuant to 21 O.S.Supp.1985, § 701.13(E)(2).

LANE, V.P.J., and BRETT, J., concur.

LUMPKIN, J., specially concurs.

PARKS, P.J., dissents.

LUMPKIN, Judge, specially concurring.

I concur with the Court's opinion on this case and write to further address the application of 22 O.S.1981, § 3. Title 22 O.S. 1981, § 1, provides: "This chapter shall be known as the code of criminal procedure of the State of Oklahoma." Title 22 O.S.1981, § 3 applies to the code of criminal procedure. Title 21 O.S.1981, § 1, provides: "This chapter shall be known as the penal code of the State of Oklahoma." The provisions of Title 21, Oklahoma Statutes, must be interpreted under the *ex post facto* prohibition of either the Oklahoma or Federal Constitutions. Title 22 O.S.1981, § 3 is not applicable to the penal code of the State of Oklahoma contained in Title 21, Oklahoma Statutes.

PARKS, Presiding Judge, dissenting.

I dissent for the reasons stated in my opinion in *Dutton v. Dixon*, 757 P.2d 376 (Okla.Crim.App.1988). I would emphasize that under 22 O.S.1981, § 3, the resentencing provision codified at 21 O.S.Supp.1985, § 701.13(E)(2), is not to be applied retroactively "unless expressly so declared." Because retroactivity was not "expressly so declared" by the Oklahoma Legislature, the resentencing amendment should not be applied retroactively. *Dutton*, 757 P.2d at 381.