Billy Gene STOUT, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. PC–88–1044, PC–90–333.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1991.

See also 733 P.2d 417.

Don Ed Payne, Hugo, John E. Dowdell, Norman & Wohlgemuth, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Billy Gene Stout, Petitioner, was tried by jury and convicted for the first degree murders of his sister, Opal Gandy and her husband, Elmo in Caddo County District Court, Case No. CRF–79–256. Petitioner beat them to death. In the second stage of trial the jury found two aggravating circumstances, that the murders were especially heinous, atrocious and cruel, and that the petitioner created great risk of death to more than one person. *See* 21 O.S.1981, § 701.12. The jury recommended the petitioner be sentenced to death on each count and the trial court sentenced accordingly.[1]

1. *Stout v. State,* 693 P.2d 617 (Okl.Cr.1984) (af- firmed), *cert. denied,* 472 U.S. 1022, 105 S.Ct.

In *Stout v. Oklahoma*, 486 U.S. 1050, 108 S.Ct. 2814, 100 L.Ed.2d 916 (1988), the United States Supreme Court remanded PC–88–1044, the petitioner's third application for post-conviction relief, to this Court for the limited purpose of review of the jury finding that the murder was especially heinous, atrocious and cruel in light of *Maynard v. Cartwright, id.* We have consolidated this action with PC–90–333, the petitioner's fourth application for post-conviction relief. In PC–90–333 petitioner challenges the anti-sympathy instruction given in the second stage of trial.

We remand PC–88–1044 to the trial court for resentencing. Under 21 O.S.Supp.1989, § 701.10a, the district attorney will have the discretion to seek a sentence of death, life, or life without parole. We affirm the district court denial of PC–90–333.

In *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) the United States Supreme Court held that the jury instruction defining the aggravating circumstance, heinous, atrocious, or cruel, violated the Eighth Amendment prohibition against cruel and unusual punishment. This instruction was found to be unconstitutionally vague for it failed to limit the discretion of the sentencer as required by *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980).

■ Petitioner's jury was instructed identically to the *Cartwright* jury on the aggravating circumstance, heinous, atrocious and cruel.[2] Therefore, upon reconsideration we are constrained to hold the finding of this aggravating circumstance is invalid for the instruction failed to sufficiently channel the sentencer's discretion as required by the Eighth Amendment.

Once one of the aggravating factors found by the jury is invalidated by this Court, we are faced with the critical issue of the extent and limitation of our curative appellate powers. Prior to *Stouffer v. State*, 742 P.2d 562 (Okl.Cr.1987) it was the practice of this Court to modify a death sentence to life imprisonment after finding error in the sentencing stage of trial. Beginning with *Stouffer* we recognized our inherent power to reweigh remaining valid aggravating circumstances against mitigating evidence after one or more of the aggravating circumstances found by the jury is invalidated due to insufficiency of the evidence. 742 P.2d at 564. In *Stouffer* we invalidated the jury's finding that the murder was especially heinous, atrocious and cruel based on insufficiency of the evidence. The *Stouffer* jury was properly instructed regarding heinous, atrocious and cruel in that the instruction limited the jury's application of this aggravator to those cases in which it also found torture or serious physical abuse. After reweighing the remaining aggravating circumstances found by the jury, that the murder was committed for the purpose of avoiding or preventing a lawful arrest and prosecution, and that the petitioner created a great risk of death to more than one person, we affirmed the death sentence.

Following *Stouffer* we have continued to reweigh remaining valid aggravating circumstances against mitigating evidence after invalidating an aggravating circumstance due to insufficient evidence. *See Castro v. State*, 749 P.2d 1146 (Okl.Cr. 1987), and *Nguyen v. State*, 769 P.2d 167 (Okl.Cr.1988). In both of these cases the jury was given the constitutional instruction limiting the application of heinous, atrocious and cruel to those cases in which the jury found torture or serious physical abuse. And in both of these cases the evidence was insufficient to support the jury's finding of this aggravating circumstance. After reweighing the remaining aggravating circumstance against the miti-

3489, 87 L.Ed.2d 623 (1985), PC–86–347 (affirmed by unpublished order August 21, 1986), PC–87–204 (affirmed by unpublished order May 26, 1987).

**2.** The jury was instructed as follows:

As used in these instructions, the term "Heinous" means extremely wicked or shockingly evil; "atrocious" means outrageously wicked and vile; "cruel" means pitiless, or designed to inflict a great degree of pain, utter indifference to, or enjoyment of, the sufferings of others.

gating evidence, we affirmed the death sentence in both cases.[3]

*Cartwright v. State*, 778 P.2d 479 (Okl. Cr.1989) presented an issue of first impression to the Court, the scope of appellate review after an aggravating circumstance found by the jury is invalidated on constitutional grounds. The Tenth Circuit had found the instruction defining the aggravating circumstance heinous, atrocious or cruel to be unconstitutional for it did not sufficiently guide the jury's discretion to apply it. *Cartwright v. Maynard*, 822 F.2d 1477 (10th Cir.1987). The United States Supreme Court affirmed the Tenth Circuit in *Maynard v. Cartwright, supra.* The matter was remanded to us for a redetermination of the appropriate sentence.

The *Cartwright* jury had found two aggravating circumstances, heinous, atrocious or cruel; and that the defendant knowingly created a great risk of death to two or more people. *Cartwright v. State*, 695 P.2d 548 at 554–55 (Okl.Cr.1985). On remand from the United States Supreme Court we recognized two appellate curative options. We could reweigh the remaining valid aggravating circumstance against the mitigating evidence as we had done after we invalidated an aggravating circumstance for insufficient evidence, or we could remand the matter to the district court for resentencing under 21 O.S.Supp. 1985, § 701.13(E)(2). *Cartwright v. State*, 778 P.2d 479 (Okl.Cr.1989). We remanded the case for resentencing.

Subsequently the United States Supreme Court decided *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Thus, we address the effect of this holding on the extent and limits of our curative powers on appellate review. *Clemons* held that the Federal Constitution does not prevent a state appellate court from upholding a death sentence that is based in part on an invalid or improperly defined aggravating circumstance either by reweighing of the aggravating and mitigating evidence or by harmless error review.

*Clemons* thus approves the process of reweighing used by this Court since *Stouffer*.

As in the case before us, the *Clemons* trial court instructed the jury on the aggravating circumstance, "especially heinous atrocious or cruel" in a way which did not properly limit its discretion. The Supreme Court remanded the matter to the state, however, for it could not determine from the state court opinion whether the court had reweighed the remaining valid aggravating circumstances against the mitigating evidence.

 In the present case the only remaining aggravating circumstance is that the petitioner created great risk of death to more than one person. Mitigation evidence included the petitioner's reputation as a law abiding citizen, his good employment record prior to the time poor health forced him to quit working, his past history of no significant criminal activity and his intoxication at the time he committed the murders. This mitigation evidence is not insignificant. The remaining valid aggravating circumstance is supported by the evidence. However, during the sentencing stage of trial the prosecutor hardly mentioned this factor at all, focusing instead on heinous, atrocious or cruel.

Implicit in the process of reweighing is the possibility that we will conclude the remaining aggravating factor does not outweigh the mitigating evidence, or that the jury's error in considering an invalidated aggravator is not harmless beyond a reasonable doubt. If after reweighing we are left with only rank speculation as to what sentence the jury might have imposed had it not considered the invalidated aggravating circumstance, we must remand for resentencing. *See accord, Clemons v. Mississippi, supra.*

After careful reweighing we conclude that we cannot determine with certainty that the jury would have recommended the death penalty had it not considered the invalidated aggravator that the murders were heinous, atrocious or cruel. We

---

**3.** In *Nguyen* the remaining valid aggravating circumstances were that the appellant was a continuing threat to society, and that he knowingly created a great risk of death to more than one person. 769 P.2d at 174. In *Castro* the remaining valid aggravating circumstance was that the appellant was a continuing threat to society. 745 P.2d 394 at 408. (Okl.Cr.1987)

therefore remand this matter to the trial court for resentencing. 21 O.S.Supp.1989, § 701.10a. Applying the reasoning of *Cartwright* we find the application of this resentencing statute to the petitioner is not barred by the state or federal prohibition against *ex post facto* laws. *See Cartwright*, 778 P.2d at 481 *et seq.*

Nothing in this opinion should be construed to indicate we do not find the death penalty to be supported or appropriate in this case. Nor do we state the aggravating circumstance heinous, atrocious or cruel could not be supported by the evidence if the sentencer were properly instructed. We simply find the case is too close to satisfy the standard which we must apply in a principled way to validate a death sentence after invalidation of one of the aggravating circumstances. Therefore, the district attorney may now exercise the options given by the legislature to seek the death penalty again, or to seek one of the life imprisonment sentences.

■ In PC–90–333 the appellant attacks the constitutionality of the anti-sympathy instruction given by the trial court to the jury in the penalty phase of trial. The instruction stated:

> You are the judges of the facts. The importance and worth of the evidence is for you to decide. You should not allow sympathy, sentiment or prejudice to affect you in reaching your decision. You should avoid any influence of passion, prejudice or any other arbitrary factor when imposing sentence, You should do your duties as jurors faithfully, as you swore you would do. (O.R. 229).

Petitioner relies on *Parks v. Brown*, 860 F.2d 1545 (10th Cir.1988) *rev'd. sub. nom.; Saffle v. Parks*, 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) to argue the instruction violated the Eighth Amendment by barring the jurors from considering mitigating evidence. The Supreme Court rejected this argument when it reversed *Parks*. The Court explained:

> We also reject Parks' contention that the anti-sympathy instruction runs afoul of Lockett and Eddings because jurors who react sympathetically to mitigating evidence may interpret the instruction as barring them from considering that evidence altogether. This argument misapprehends the distinction between allowing the jury to consider mitigating evidence and guiding their consideration. It is no doubt constitutionally permissible, if not constitutionally required, for the State to insist that the individualized assessment of the appropriateness of the death penalty [be] a moral inquiry into the culpability of the defendant, and not an emotional response to mitigating evidence. Whether a juror feels sympathy for a capital defendant is more likely to depend on that juror's own emotions than on the actual evidence regarding the crime and the defendant. It would be very difficult to reconcile a rule allowing the fate of a defendant to turn on the vagaries of a particular juror's emotional sensitivities with our long standing recognition that, above all, capital sentencing must be reliable, accurate, and nonarbitrary.

494 U.S. at ——, 110 S.Ct. at 1262, 108 L.Ed.2d at 427 (citations omitted). The petitioner's argument that the holding of the Tenth Circuit in *Parks v. Brown* is nevertheless still viable is not persuasive, even though the holding of the Supreme Court is not based on the merits of this issue. This Court rejected this argument in *Fox v. State*, 779 P.2d 562 (Okl.Cr.1989); and *Fowler v. State*, 779 P.2d 580 (Okl.Cr.1989).

In the instant case the jury was thoroughly instructed regarding mitigating evidence and its duty to weigh the mitigating evidence against the aggravating circumstances if any aggravating circumstances were found unanimously by the jury. The instructions set forth the statutory mitigating evidence, and the trial court instructed the jury it could consider *any* mitigating evidence presented at trial. We have no doubt that the instructions properly informed the jury that it was to consider all the mitigating evidence, and it was not to allow arbitrary sympathy to enter into its sentencing decision.

For the reasons articulated in *Fox, Fowler*, and *Saffle v. Parks*, we find the anti-sympathy instruction given in this case was a correct statement of the law, and not an

invitation to the jury to violate the rights of the petitioner protected by the Eighth and Fourteenth amendments. We also find independently that the anti-sympathy instruction given in the petitioner's case does not violate the state constitutional prohibition against cruel and unusual punishment. *See* Okla. Const. art. II, § 9.

IT IS THEREFORE THE ORDER OF THIS COURT that PC–88–1044 is REMANDED to the district court for resentencing as provided for in 21 O.S.Supp. 1989, § 701.10a, and the denial of PC–90–333 is AFFIRMED.

LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

It continues to be the opinion of this writer that the so-called "anti-sympathy" instruction in the second stage of trial is unnecessary and confusing to the jury where mitigating evidence has been introduced. *See Fox v. State*, 779 P.2d 562, 579 (Okl.Cr.1989) (Parks, P.J., concurring in part/dissenting in part). As a matter of *stare decisis*, however, I must yield my view to that of the majority of this Court.