Bigler Jobe STOUFFER, II, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–88–651.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1991.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Bigler Jobe Stouffer, appellant, was convicted of Murder in the First Degree and Shooting with Intent to Kill in Oklahoma County District Court, Case No. CRF–85–509. He was sentenced to life imprisonment for Shooting with Intent to Kill and death for First Degree Murder. The recommendation of death was based on the jury's finding that: (1) the murder was especially heinous, atrocious or cruel; (2) that the murder was committed for the

purpose of avoiding or preventing a lawful arrest; and (3) that the defendant had created a great risk of death to more than one person. This Court affirmed appellant's judgment and sentence on direct appeal. *Stouffer v. State,* 738 P.2d 1349 (Okl.Cr. 1987).

On July 31, 1987, this Court granted a rehearing, and determined that the evidence produced at trial did not support the jury's finding that the murder was especially heinous, atrocious or cruel. This court's ruling was based upon a limitation of the aggravating circumstance, that a murder was "especially heinous, atrocious or cruel," to those murders in which the victim suffered torture or serious physical abuse prior to death. *Stouffer v. State,* 742 P.2d 562 (Okl.Cr.1987). Finding that no torture or serious physical abuse was present in the case, the aggravating circumstance was struck down. Nevertheless, appellant's sentence of death was upheld because this Court determined that by reweighing the remaining, valid aggravating circumstances against the mitigating evidence, the jury's finding that the murder was especially heinous, atrocious or cruel was harmless error. *Id.* at 564.

Appellant petitioned the Supreme Court for a Writ of Certiorari, which was denied. *Stouffer v. Oklahoma,* 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 779 (1988). Appellant then applied for post-conviction relief in the District Court of Oklahoma County, which was denied on July 13, 1988. From this denial of Post–Conviction Relief, appellant appeals to this Court.

Initially, appellant contends that the trial court improperly instructed the jury that they should not allow sympathy to enter into their deliberations. *See Parks v. Brown,* 860 F.2d 1545 (10th Cir.1988). However, for the reasons stated in *Fox v. State,* 779 P.2d 562, 575 (Okl.Cr.1989), we find the Instruction given in the present case to be distinguishable from the Instruction struck down in *Parks.* *See also Saffle v. Parks,* 494 U.S. 484, ——, 110 S.Ct. 1257,

1263, 108 L.Ed.2d 415, 428 (1990). We find no error.

■ Appellant next contends that this Court erred when it failed to conduct a proportionality review of his sentence. However, this issue was decided against appellant on direct appeal and further consideration is barred by the doctrine of *res judicata.* *See Coleman v. State,* 693 P.2d 4, 5 (Okl.Cr.1984).

■ Appellant asserts that there was insufficient evidence to support the jury's finding that the murder was "committed for the purpose of avoiding or preventing a lawful arrest or prosecution." However, this issue was decided against appellant on direct appeal. *Coleman v. State, supra.*

■ Appellant next argues that this Court has construed the aggravating circumstance "the defendant knowingly created a great risk of death to more than one person" in an unconstitutionally overbroad manner. However, appellant has waived review of this issue for his failure to raise it on direct appeal. *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985).

■ Appellant complains that the trial court erred in failing to instruct the jury that there exists a presumption that a life sentence is appropriate. However, appellant has waived review of this issue for his failure to raise it on direct appeal. *Jones v. State, supra.*

■ Appellant contends that he was denied his right of confrontation when this Court allowed the State to supplement the record on appeal with an affidavit from appellant's trial counsel, in their response to appellant's claim of ineffective assistance of trial counsel. Appellant never objected to the supplementation and we find no error. *Jones v. State, supra.*

■ Appellant asserts that he was denied effective assistance of counsel during the second stage of trial. However, this issue was decided against appellant on direct appeal. *Coleman v. State, supra.*

■ Appellant next complains that he was denied effective appellate review by

this Court because the trial record was incomplete. However, this issue was also decided against appellant on direct appeal. *Coleman, supra.*

Appellant contends that this Court relied on evidence outside the record in reaching its decision on direct appeal. We find this argument to be without merit.

■ Appellant also argues that prosecutorial misconduct during closing argument of the second stage deprived him of a fair trial. However, this issue is waived for appellant's failure to raise it on direct appeal. *Jones v. State, supra.*

■ Appellant further complains that the trial court erred in allowing the jury to hear two tape recorded conversations. However, this issue too was decided against appellant on appeal. *Coleman v. State, supra.*

Finally, four of appellant's assignments of error concern this Court's reweighing analysis announced in *Stouffer v. State,* 742 P.2d 562, 564 (Okl.Cr.1987). Essentially, appellant contends that this Court should abandon its reweighing analysis. However, in light of the United States Supreme Court ruling in *Clemons v. Mississippi,* 494 U.S. 738, ——, 110 S.Ct. 1441, 1449, 108 L.Ed.2d 725, 739 (1990), we find these arguments to be without merit. The order of Oklahoma County District Court denying appellant's application for post-conviction relief is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT, J., concur.

PARKS, J., concurs in part, dissents in part.

PARKS, Judge, concurring in part/dissenting in part:

The majority refuses to address certain assignments for appellant's failure to raise them on the direct appeal. I consider it profitable to consider these issues.

First, Stouffer contends that one aggravating circumstance found to exist by the jury, that is, that the "defendant knowingly created a great risk of death to more than one person," is unconstitutional. His claim is that the circumstance is overbroad. This Court has previously addressed this issue as has the Tenth Circuit of Appeals, which court specifically held this circumstance constitutional as applied. *Cartwright v. State,* 695 P.2d 548 (Okl.Cr.1985) and *Cartwright v. Maynard,* 802 F.2d 1203 (10th Cir.1986), *on rehearing,* 822 F.2d 1477 (1987), *affirmed,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

Appellant also argues that the jury should have been instructed during the sentencing stage that there exists a presumption that a life sentence is appropriate. This instruction was not requested of the trial court. None was presented as to the trial judge to review for accuracy, nor has any precedent been established for such an instruction. I cannot find error in not giving one, but do note that the jury was properly instructed that they must find beyond a reasonable doubt the existence of an aggravating circumstance before the death penalty could be considered.

I have further reviewed the closing arguments of the prosecution at trial which appellant urges to be vouching for the credibility of the detective and calling attention to his experience in prosecuting, thus tending to dilute the juror's sense of responsibility for a verdict of death. The statements are:

Lets talk a little bit about your roll [sic] in this case. We are asking you to return a verdict that will place Bud Stouffer on Death Row, and that's the only place he ought to be. Before you could do that, the District Attorney in this county had to make the decision to make the death penalty. And Pat Morgan and I had to come into this courtroom, and lay the evidence out in front of you that would warrant a death penalty. And we did that.

But before we could do that, Bob Horn, and those other detectives you've seen, had to go out and gather the evidence,

and make the case, and bring that evidence to us that would allow us to come before you and ask for that death penalty.

Upon reading further, the prosecutor explains that only the appellant entered the case voluntarily, not the prosecutors, the police, nor the jury. Read in context, it does not appear to have misled the jury to believe that responsibility for the sentence of death rested elsewhere. *Parks v. Brown*, 860 F.2d 1545 (10th Cir.1988), *reversed on other grounds, sub nom., Saffle v. Parks*, 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). Therefore, I find no error.

I continue to view "anti-sympathy" instructions during the sentencing stage confusing to a jury when mitigating evidence is offered by the defendant. For the reasons I expressed in *Fox v. State*, 779 P.2d 562, 579 (Okl.Cr.1989), I continue to disapprove of such an instruction.