Roger Dale **HAYES**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–82–466.

Court of Criminal Appeals of Oklahoma.

March 12, 1992.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION ON REMAND

BRETT, Judge:

On December 22, 1980, in Logan County District Court Case No. CRF–80–160, appellant, Roger Dale Hayes, was charged in a single-count information with First Degree Malice Aforethought Murder and First Degree Felony Murder. He was convicted and sentence to death by a jury in March 1981. However, on September 21, 1981, this conviction and sentence was set

aside by the Logan County District Court and appellant was afforded a new trial. Retrial was conducted on May 24—28, 1982, and once again, appellant was convicted of First Degree Murder and sentenced to death. This Court affirmed the conviction and sentence in *Hayes v. State*, 738 P.2d 533 (Okl.Cr.1987). In *Hayes v. Oklahoma*, 486 U.S. 1050, 108 S.Ct. 2815, 100 L.Ed.2d 916 (1988), the United States Supreme Court granted appellant's petition for writ of certiorari, vacated this Court's judgment affirming the conviction and sentence, and remanded the case back to this Court for further consideration in light of *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). It is in this context that this case is before this Court at this time.

Appellant contends that his death sentence should be vacated because it is based on an unconstitutional application and interpretation of the "especially heinous, atrocious, or cruel" aggravating circumstance. He also contends that there was insufficient evidence to support the jury's finding of the aggravating circumstance. After the previous opinion on appellant's case was handed down, this Court narrowed the application of this aggravating circumstance to those murders that were preceded by torture or physical abuse. We have found that this sufficiently narrows the aggravating circumstance and passes constitutional muster. *Stouffer v. State*, 742 P.2d 562 (Okl.Cr.1987) (Opinion on Rehearing). *See also e.g. Moore v. State*, 788 P.2d 387 (Okl.Cr.1990), *cert. denied* — U.S. ——, 111 S.Ct. 227, 112 L.Ed.2d 182 (1990); *Fox v. State*, 779 P.2d 562 (Okl.Cr. 1989) *cert. denied* 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990); *Hale v. State*, 750 P.2d 130 (Okl.Cr.1988), *cert. denied*, 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988).

■ Nevertheless, in light of *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), we agree with appellant that there was insufficient evidence to support this aggravating circumstance. There was no evidence presented at trial that the murder was preceded by torture or

serious physical abuse. While the medical examiner testified that there were numerous abrasions, scrapes, bruises, and contusions on the head and face, it was most likely that some blunt force to the head rendered the child unconscious. And most likely, this occurred at the beginning of the assault because there were no defensive wounds on the body. Also, the child died as a result of the slashed throat, and there had been no aspiration of blood into the lungs which indicates that she did not breathe in any of her blood after her throat was cut. This substantiates the theory that she was unconscious when she died. Although we find that the jury was properly instructed, the aggravating circumstance of "especially heinous, atrocious, or cruel" must be held invalid as there was insufficient evidence upon which to support the circumstance.

■ We must now turn to the remaining aggravating circumstance assessed against appellant, that being "continuing threat to society". Appellant argues on remand that the State failed to provide written notice of the names of second-stage witnesses and the evidence the State would rely upon to prove the aggravating circumstances as required by 21 O.S.1981, § 701.10. The State would have this Court hold that although the record is silent as to any notice provided to appellant in this regard, we should infer that notice was given in the first trial and that appellant failed to object at the second trial, therefore this issue is waived.

In *Wilson v. State*, 756 P.2d 1240 (Okl. Cr.1988), this Court modified the death sentence to life because the State failed to give notice of the second-stage witnesses and a summary of their testimony. The State filed a list of witnesses for its case-in-chief and second stage all in one document, however, failed to provide a complete list of witnesses and a precis of the evidence that would be presented. This Court found in *Wilson* that this constituted a lack of notice and not just insufficient notice. The issue was raised in pre-trial motions and during the second stage when the evidence was presented, and therefore was preserved for appeal.

In *Green v. State*, 713 P.2d 1032, 1038 (Okl.Cr.1985) *cert. denied* 479 U.S. 871, 107 S.Ct. 241, 93 L.Ed.2d 165 (1986), this Court held that "failure to object to lack of notice, either at a pre-trial hearing or at the time the challenged evidence is offered, will result in waiver of this statutory right." In *Green,* counsel for the two defendants failed to raise the issue of a lack of notice either before or during trial, therefore, even though notice was lacking in that case, this issue failed on appeal.

We agree with appellant that he was not given notice of the second stage witnesses and a precis of the evidence to be presented. The Bill of Particulars merely stated the statutory language for the two aggravating circumstances the State alleged without a precis of the evidence that would be used to support the circumstances. The State did submit a list of witnesses; however, the list did not distinguish in which stage the person would testify and only one of the second stage witnesses was listed while the rest of the second stage witnesses were not present on that document. However, since the issue in the present case was not raised either before or during the trial, this issue is not properly preserved for appellate review, and therefore must fail.

Upon a finding that one aggravating circumstance is invalid, this Court has the authority to reweigh the remaining valid aggravating circumstances against the mitigating circumstances. *Stout v. State,* 817 P.2d 737 (Okl.Cr.1991) 62 OBJ 2749 (September 21, 1991). *See also Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Although we find that the continuing threat to society aggravator is valid, it would be "only rank speculation as to what the jury might have imposed had it not considered the invalidated" circumstance of heinous, atrocious, or cruel. *Stout,* 817 P.2d at 739. The evidence presented by the prosecution in the second stage focused upon the continuing threat circumstance. However, during his closing argument, the district attorney focused upon the invalid circumstance, even though he admitted that the child was probably unconscious when she was killed. The mitigating evidence presented indicated that appellant was borderline retarded, of low education level, had been hospitalized for mental problems in the past, and frequently confessed to crimes for which he did not commit. After a careful reweighing, we cannot conclusively state that the jury would have still assessed the death penalty even without the heinous, atrocious, or cruel aggravator. Therefore, we conclude that the death sentence shall be vacated and this matter remanded for resentencing in which the district attorney shall have the options of seeking death, life, or life without parole.

Since we find merit to appellant's claim that his death sentence shall be vacated, we find it unnecessary to address the remaining issues raised in his brief on remand. Therefore, for the foregoing reasons, appellant's conviction for first degree murder is AFFIRMED; however, the death sentence is hereby VACATED and this matter REMANDED FOR RESENTENCING.

LANE, P.J., LUMPKIN, V.P.J., and PARKS, J., concur.

JOHNSON, J., Special Concurrence.

JOHNSON, Judge, specially concurring.

I agree with the Court that the conviction for First Degree Murder of appellant should be affirmed, but I most reluctantly must also agree that the matter must be vacated as to the sentence and remand the case for resentencing. I agree with the opinion of the majority as stated by Judge Brett that this Court does have the power and the authority, both under the Oklahoma Constitution and the Federal Constitution, to reweigh the remaining valid aggravating circumstances in the event any of the aggravating circumstances are thrown out for any reason. *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). This Court has recently held the same as it relates to our State procedure. *Stout v. State,* 817 P.2d 737 (Okl.Cr.1991).

This specially concurring opinion, therefore, reiterates what Judge Brett has said as it relates to the power of the Court, but I needed to make a statement as it relates to when the case should be sent back for resentencing. It is the opinion of the writer that if a doubt exists in the mind of any appellate judge as it relates to the reweighing and what affect the improper aggravator would have had on the outcome of the case, then the benefit of the doubt should be given to a defendant and the matter sent back for resentencing. It seems that justice would be served in this regard and also that it is far easier to have the additional trial then to go through the numerous appeals that would be involved only to have it later sent back for resentencing. Therefore, I specially concur with the majority in this matter.