Charles A. FOSTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–87–729.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1989.

## ORDER

This case is before us on remand from the United States Supreme Court — U.S. ——, 109 S.Ct. 212, 102 L.Ed.2d 204 (1988) for the limited purpose of analysis of the imposition of the death penalty against Appellant in light of the Supreme Court's decision in *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). We have previously reviewed Appellant's conviction, entering a published opinion affirming the conviction in *Foster v. State,* 714 P.2d 1031 (Okl.Cr.1986) and affirming the trial court's denial of Appellant's request for Post–Conviction Relief in PC–87–729.

Briefly stated, Charles A. Foster, Appellant, was found guilty of having murdered Claude Wiley, the seventy-four year old owner of a grocery store near Appellant's home.[1] Wiley was making a delivery of groceries to Appellant's home when Appellant attacked him with a baseball bat. The interior of Appellant's home was covered

with blood and several of Wiley's teeth were found scattered around the room in which he was assaulted.

After beating his victim with the bat, Appellant took Wiley to a remote area near where he stabbed him a number of times. He abandoned the body, covering it with leaves, branches and the floor mats out of Wiley's truck. Appellant and his wife left for Texas in Wiley's truck, where they were apprehended several days later.

In *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), the United States Supreme Court found that defendant Cartwright's death sentence was invalid because of the aggravating circumstances relied upon in that case as support for the imposition of the death penalty were unconstitutionally vague. Specifically, the Court held that the jury's finding that the murder was "especially heinous, atrocious, or cruel" violated the previous dictates in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and in *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) which required that the discretion of the sentencer be limited by some comprehensible standards. The lack of limitations lead the Supreme Court to affirm the Tenth Circuit's previous vacation of the sentence and remand the case back to the state courts for new consideration.

While we are dealing with essentially the same issue in the present case, we do so under a different procedural basis. In the present case, the jury was instructed:

You are further instructed that as used in these instructions, the term "heinous" means extremely wicked or shockingly evil; "atrocious" means outrageously wicked and vile; "cruel" means pitiless or designed to inflict a high degree of pain, utter indifference to, or enjoyment of the sufferings of others.

The phrase "especially heinous, atrocious, or cruel" is directed to those crimes where the death of the victim was

---

1. Appellant was also convicted of Burglary in the Second Degree, Larceny of an Automobile and Grand Larceny, all After Former Conviction of Two Felonies. Those charges are not involved in the current proceedings.

preceded by torture of the victim or serious physical abuse.

Tr. Vol. I, p. 70.

In the Tenth Circuit opinion, *Cartwright v. Maynard*, 822 F.2d 1477 (10th Cir.1987), the court noted that this instruction had been adopted for use as a part of the Oklahoma Uniform Jury instructions. *Id.* at 1488. This instruction embodies the limitations which the sentencer must consider in the application and finding of this particular aggravating circumstance. This instruction was only given in part in *Cartwright*. It is there that the crucial distinction between *Cartwright* and the present case lies.

In *Maynard,* the Supreme Court acknowledges in *Stouffer v. State,* 742 P.2d 562 (Okl.Cr.1987), that this Court has judicially limited the "heinous, atrocious, or cruel" element to those situations where the murder involved torture or serious physical abuse. *Maynard,* 486 U.S. at ——, 108 S.Ct. at 1860, 100 L.Ed.2d at 383. These constraints on the discretionary power of the sentencer are a distinct departure from the criteria used previously by this Court as discussed by the Tenth Circuit. *See Cartwright,* 822 F.2d at 1489–91.

In *Stouffer,* we considered the circumstance in question here in light of the Tenth Circuit's finding of unconstitutionality in *Cartwright.* Our analysis in *Stouffer* is equally applicable here in that identical defining jury instructions were given. We held:

> The objective guidance given the jury by this instruction is that of the second paragraph limiting its application to instances of death preceded by torture or serious physical abuse. Otherwise, the language could include many murders. *See Godfrey.* However, we find that in the cases appearing before this Court, this circumstance has been construed to not necessarily require torture or serious physical abuse of the victim. But we hold now that it does, and restrict its application to those murders in which

torture or serious physical abuse is present.

*Stouffer,* 742 P.2d at 563.

This all important second paragraph was not given in the *Cartwright* case.

The Supreme Court, in *Godfrey,* recognized that similar restraints imposed by the Georgia courts on a comparably worded aggravating circumstance were sufficient to cure the potential constitutional defects.[2] The Georgia Supreme Court had judicially circumscribed a narrow set of boundaries which included a demonstrable finding of either "torture, depravity of mind, or an aggravated battery to the victim." *Godfrey,* 446 U.S. at 431, 100 S.Ct. at 1766, 64 L.Ed.2d at 408. Although the conviction in *Godfrey* was reversed because the Georgia courts had not followed their own limiting restrictions, the approval of the boundaries is significant.

We have reexamined these principals on several occasions and have since consistently applied the narrow construction discussed above. *See Nguyen v. State,* 769 P.2d 167 (Okl.Cr.1988); *Rojem v. State,* 753 P.2d 359 (Okl.Cr.1988); *Hale v. State,* 750 P.2d 130 (Okl.Cr.1988); and *Mann v. State,* 749 P.2d 1151 (Okl.Cr.1988). Based on the jury instruction given in the present case, we find that the jury was sufficiently advised of the limits to the amount of discretion which was available for exercise in the determination of whether the crime committed by Petitioner was "especially heinous, atrocious, or cruel" and concomitantly, whether the death penalty was the appropriate punishment. The jury was presented with evidence which revealed that the victim underwent a severe beating, described by forensic witnesses as one of the worst ever seen. In addition to the beating, which alone did not cause death, the victim was taken to a deserted area and stabbed. The medical examiner testified that none of the wounds received from either the beating or the stabbing was instantaneously fatal. Certainly the jury's finding of torture or seri-

---

**2.** The Georgia statute authorizes imposition of the death penalty if the murder is found to have

been "outrageously or wantonly vile, horrible or inhumane.

ous physical abuse is justified by the evidence.

We therefore find no constitutional violation with regard to the aggravating circumstance concerning the "heinous, atrocious, or cruel" nature of the murder. We also find that Appellant's sentence is in accord with the dictates of *Godfrey, Furman* and *Cartwright* and does not violate the Eighth Amendment protection against cruel or unusual punishment. Accordingly, we AFFIRM our previous denial of post-conviction relief.

IT IS SO ORDERED.

LANE, Vice P.J., and BUSSEY, BRETT and LUMPKIN, JJ., concur.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, Specially Concurring:

The Oklahoma Legislature's enactment of the "especially heinous, atrocious, or cruel" aggravating circumstance, as presently written, fails to "channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.' " *Godfrey v. Georgia,* 446 U.S. 420, 428, 100 S.Ct. 1759, 1764–65, 64 L.Ed.2d 398 (1980) (footnotes omitted). I am convinced that this aggravating circumstance is unconstitutionally vague both on its face and as applied. *See* Mello, *Florida's "Heinous, Atrocious or Cruel" Aggravating Circumstance: Narrowing the Class of Death–Eligible Cases Without Making It Smaller,* 13 Stetson L.Rev. 523, 524 (1984) (it is ultimately impossible to apply this aggravating circumstance because all first degree murders are especially heinous, atrocious or cruel); *Adamson v. Ricketts,* 865 F.2d 1011, 1030–1039 (9th Cir.1988) (in striking down Arizona's especially heinous, cruel, or depraved aggravating circumstance because the Arizona Supreme Court had been unable to arrive at an objective standard that could be uniformly applied, it was held that post hoc appellate rationalizations for death sentences cannot save improperly channeled

determinations by a sentencer). *Cf.* Note, *Maynard v. Cartwright: How the Supreme Court Killed the Catchall Category in the Oklahoma Death Penalty,* 24 Tulsa L.J. 215–237 (1988). As a matter of *stare decisis,* however, I yield to the "torture or serious physical abuse" standard adopted in *Stouffer,* 742 P.2d at 563.