No. 67,873

STATE OF KANSAS, *Appellee,* v. TRAVIS E. PHILLIPS, *Appellant.*

(850 P.2d 877)

Opinion filed April 16, 1993.

*Reid T. Nelson,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Ellen H. Mitchell,* assistant county attorney, argued the cause, and *Julie McKenna,* county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: Travis E. Phillips appeals from his conviction of one count of first-degree premeditated murder (K.S.A. 1992 Supp. 21-3401) and from his sentence of life imprisonment with a mandatory term of imprisonment of 40 years (K.S.A. 1992 Supp. 21-4624 *et seq.*). We affirm.

In the early evening of August 2, 1991, Allen Sims, Michelle Conlin, and the defendant were drinking beer and playing cards at the Conlin residence. The three went to Benton's Cafe, a Salina tavern, about 10:30 or 11:00 p.m. and continued drinking. Sometime after 2:00 a.m., on the morning of August 3, Vicki Fillerman, Steve Asborn, and Rock Sullivan arrived at Benton's Cafe and met up with the defendant. The defendant and Sullivan did not know each other, but the defendant was acquainted with Fillerman and Asborn. Thereafter, the defendant, Sullivan, Fillerman, and Asborn left to smoke some marijuana at a shed behind Benton's Cafe. When Sullivan leaned over to retrieve something he had dropped, the defendant kicked Sullivan in the head, knocking him backwards onto the ground. The defendant continued to kick and stomp Sullivan until Sullivan was dead. Following a jury trial, the defendant was found guilty of first-degree premeditated murder.

Following the defendant's conviction the district court held a separate sentencing proceeding, pursuant to K.S.A. 1992 Supp. 21-4624 *et seq.*, to determine whether the defendant should be

required to serve a mandatory term of imprisonment of 40 years (commonly referred to as the "hard 40"). The jury found that he should and the defendant was sentenced pursuant to the hard 40 statutes. Additional facts will be developed as we consider the various issues raised by the defendant on appeal.

The first issue asserted on appeal is that the evidence was insufficient to support the defendant's conviction of premeditated first-degree murder. In *State v. Evans*, 251 Kan. 132, Syl. ¶ 1, 834 P.2d 335 (1992), we set forth the standard of review when an appellate court considers a claim that the evidence is insufficient to support a criminal conviction. In *Evans* we held:

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

K.S.A. 1992 Supp. 21-3401 provides in pertinent part:

"(a) Murder in the first degree is premeditated murder . . . .

. . . .

"(b) As used in this section, 'premeditated murder' means the killing of a human being committed maliciously, willfully, deliberately and with premeditation."

In a prosecution for premeditated first-degree murder, the law does not require that premeditation and deliberation be established by direct evidence; it may be established by circumstantial evidence. In *State v. Buie*, 223 Kan. 594, 575 P.2d 555 (1978), we discussed the evidence necessary to establish premeditation. This court stated:

"Proof of premeditation as an element in first-degree murder was considered by this court in two recent cases. (*State v. Henson*, 221 Kan. 635, 562 P.2d 51 [1977]; *State v. Hamilton*, [216 Kan. 559, 534 P.2d 226 (1975)]). Those two cases hold that the element of premeditation, essential to first-degree murder, is not to be inferred from use of a deadly weapon alone, but if, in addition, other circumstances are shown, such as lack of provocation, the defendant's conduct before and after the killing or the dealing of lethal blows after the deceased was rendered helpless, the evidence may be sufficient to support an inference of deliberation and premeditation. Our problem in this case is to determine whether the evidence in the record before us is sufficient to establish a deliberate and premeditated killing. In a prosecution for murder the law does not presume or imply the existence of premeditation and deliberation from any state of circumstances, but it is

not necessary that they be established directly. Premeditation and deliberation may be inferred from the established circumstances of the case, provided the inference is a reasonable one. In such case, the jury has the right to make the inference. (*Craft v. State,* 3 Kan. 450 [1866].)" 223 Kan. at 597.

The record in the present case discloses a number of factual circumstances from which the jury could have reasonably inferred the existence of deliberation and premeditation. There was no evidence whatsoever of provocation. The evidence indicated that the defendant and Sullivan did not know each other before that night, and there had been no problems between them before going to the shed. There was no evidence that the defendant received even the slightest wound during the fight. The record also reveals that the defendant dealt a number of lethal blows after Sullivan was rendered helpless. No cuts or marks were found on the defendant. Defendant's first kick caused Sullivan to fall backward 6 to 12 inches. The defendant told officers that while Sullivan was lying on the ground, he kicked Sullivan 20 times and possibly more. At no time was Sullivan able to fight back or fend off the blows. The force of defendant's blows caused Sullivan to suffer severe bruising, soft tissue hemorrhaging, a broken nose, broken teeth, and extensive hemorrhaging within his scalp. The initial kick by the defendant was described by Asborn as similar to a football player kicking a field goal. The defendant was 19 years old, stood 6 feet 2 inches tall and weighed 185 pounds, while Sullivan was approximately 5 feet 6 inches tall and weighed only 130 to 140 pounds. After the first kick knocked Sullivan on his back, he lay on the ground and attempted to protect his face and head with his arms, while the defendant continued kicking and stomping him. The defendant's conduct before the killing also supports the jury's finding of premeditation. Vicki Fillerman testified that the defendant told her he was going to kick Sullivan in the head. Steve Asborn testified the defendant told him on the way to the shed that he was going to "fuck somebody up."

A careful review of the record discloses the evidence presented at trial was sufficient to allow a reasonable factfinder to conclude that the killing was done willfully, deliberately, maliciously, and with premeditation. The evidence was sufficient to support a verdict of murder in the first degree.

Defendant's next issue on appeal is that the jury erred during the sentencing stage of the trial in finding that the aggravating circumstances outweighed the mitigating circumstances and therefore the imposition of the hard 40 sentence was not justified.

K.S.A. 1992 Supp. 21-4624 sets forth in detail the procedure to be followed in determining whether a hard 40 sentence shall be imposed. Generally, the statute requires a separate sentencing proceeding before the trial jury. K.S.A. 1992 Supp. 21-4624(3) specifically provides: "In the sentencing proceeding, evidence may be presented concerning any matter that the court deems relevant to the question of sentence and shall include matters relating to any of the aggravating circumstances enumerated in K.S.A. 1992 Supp. 21-4625 and amendments thereto and any mitigating circumstances." K.S.A. 1992 Supp. 21-4625 sets forth eight aggravating circumstances that may be considered by the jury. In the present case the only aggravating circumstance submitted to the jury was 21-4625 (6) which provides: "The defendant committed the crime in an especially heinous, atrocious or cruel manner."

K.S.A. 1992 Supp. 21-4626 sets forth the mitigating factors which may be considered and reads:

"Mitigating circumstances shall include, but are not limited to, the following:

(1) The defendant has no significant history of prior criminal activity.

(2) The crime was committed while the defendant was under the influence of extreme mental or emotional disturbances.

(3) The victim was a participant in or consented to the defendant's conduct.

(4) The defendant was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor.

(5) The defendant acted under extreme distress or under the substantial domination of another person.

(6) The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired.

(7) The age of the defendant at the time of the crime.

(8) At the time of the crime, the defendant was suffering from post-traumatic stress syndrome caused by violence or abuse by the victim."

The parties presented evidence and argument to the jury at the sentencing proceeding, and the jury was instructed by the trial court as provided by the hard 40 statutes. The trial court

instructed the jury on the mitigating factors, pursuant to K.S.A. 1992 Supp. 21-4626, as follows:

"The defendant contends mitigating circumstances shown by the evidence presented at trial or during this proceeding include but are not limited to the following:

a. The young age of the defendant at the time of the crime;

b. The intoxication of the defendant at the time of the crime;

c. The immaturity of the defendant at the time of the crime;

d. The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired;

e. The defendant cooperated with the police;

f. The defendant's prior family history that would reasonably be expected to contribute to the defendant's criminal conduct;

g. Any other factors which you, the jury, feel mitigate against the sentence of 40 years without the possibility of parole."

The jury determined that the defendant "committed the crime in an especially heinous, atrocious or cruel manner," K.S.A. 1992 Supp. 21-4625(6), and that this aggravating circumstance outweighed the mitigating circumstances presented by the defendant.

The jury stated in its sentencing verdict:

"The defendant committed the crime in an especially heinous, atrocious, and cruel manner.

"This crime was *exceptional* because the defendant didn't know the victim and there was no known provocation for his actions.

"This crime was *heinous* because the defendant kicked and stomped the defenseless victim beyond recognition.

"This crime was *cruel* because of the defendant's utter indifference and lack of compassion for his incapacitated victim."

The defendant asserts that, while there is evidence to support the aggravating factor, the mitigating factors outweigh the evidence of the aggravating factor.

The defendant appears to argue that, because there was only one aggravating factor and *six* mitigating factors presented to the jury for its consideration, the sheer number of mitigating factors should outweigh the sole aggravating factor. K.S.A. 1992 Supp. 21-4624(5) provides in part:

"If, by unanimous vote, the jury finds beyond a reasonable doubt that one or more of the aggravating circumstances enumerated in K.S.A. 1992 Supp. 21-4625 and amendments thereto exist and, further, that the existence of such aggravating circumstances is not outweighed by any mitigating cir-

cumstances which are found to exist, the defendant shall be sentenced pursuant to K.S.A. 1992 Supp. 21-4628 and amendments thereto; otherwise, the defendant shall be sentenced as provided by law."

K.S.A. 1992 Supp. 21-4628 requires a sentence of life imprisonment without eligibility for parole until the expiration of 40 years.

Defendant's argument is not persuasive. The statutes do not impose a balancing test based upon the number of aggravating factors versus mitigating factors; one aggravating factor can be so compelling as to outweigh several mitigating factors. K.S.A. 1992 Supp. 21-4624(5) provides that the jury need only find beyond a reasonable doubt that *one* or more of the aggravating circumstances exist, and that the existence of such aggravating circumstance or circumstances is not outweighed by the mitigating circumstances.

K.S.A. 1992 Supp. 21-4627 provides for automatic review by the Supreme Court of all hard 40 sentences. Subsection (3) of the statute requires this court to make certain determinations and states in part:

"(3) With regard to the sentence, the court shall determine:

. . . .

(b) whether the evidence supports the findings that an aggravating circumstance or circumstances existed and that any mitigating circumstances were insufficient to outweigh the aggravating circumstances."

A similar argument was presented in the recent case of *State v. Bailey,* 251 Kan. 156, 834 P.2d 342 (1992). In *Bailey,* this court reviewed the evidence presented in the case and held that the evidence of three aggravating factors found to be present by the jury supported the finding of aggravated circumstances, and that the mitigating circumstances were insufficient to outweigh the aggravating circumstances. 251 Kan. at 177-78. The defendant here seeks to distinguish that case by arguing that in *Bailey* there were three aggravating circumstances, whereas in the present case there is only one. This distinction, in light of the express language of K.S.A. 1992 Supp. 21-4624(5), is without merit. Moreover, *Bailey* noted that the court would have affirmed the sentence even if only one of the aggravating circumstances would have been found valid. 251 Kan. at 178.

The facts surrounding this brutal, senseless murder were set forth earlier in this opinion and need not be repeated in detail. We have examined the photographs of the victim which were admitted in evidence and they reveal as vicious and brutal a beating as we have ever seen. Defendant admits that he kicked or stomped Sullivan at least 20 times, at a time when Sullivan had no means of adequately defending himself. There was no motive for the killing. Defendant did not even know the victim and certainly there was no provocation for the attack. A review of all the evidence presented in this case supports the jury's finding of an aggravating circumstance and supports the jury's determination that any mitigating circumstances were insufficient to outweigh the aggravating factor.

The next issue asserted by the defendant is that his Sixth Amendment right to an impartial jury was violated by the admission of evidence of the defendant's lack of remorse.

Prior to trial the court heard arguments on a motion in limine filed by the defendant seeking to exclude at trial any reference to defendant's lack of remorse after the killing. Defense counsel argued that any evidence regarding the defendant's lack of remorse should be excluded because there existed the chance that the evidence would be improperly considered by the jury at the sentencing stage. Defense counsel argued that lack of remorse is not one of the eight aggravating factors that the jury is allowed to consider pursuant to K.S.A. 1992 Supp. 21-4625. The trial court denied defense counsel's motion in limine and reasoned that evidence of defendant's lack of remorse was relevant to show defendant's state of mind prior to and during the murder, namely, whether the killing was done with malice, an element necessary to prove premeditated first-degree murder.

At trial, the prosecutor questioned Detective Gerald Shaft about statements the defendant made to him about the murder. Defense counsel timely objected to the questioning and repeated the reasoning he had invoked at the hearing on the motion in limine. The trial court overruled the objection. Detective Shaft then testified that, when he asked the defendant why he was upset that he had killed Sullivan, the defendant "said that he was upset because he was in more trouble with the police."

Later in the trial, the prosecutor questioned Detective Mike Marshall. Detective Marshall testified that the defendant "said that he was upset because he thought that he was going to get in trouble again by the police department." Defense counsel did not object to this testimony.

In closing arguments, the prosecution argued that defendant's statements to the detectives indicated lack of remorse. Defense counsel did not object to this argument.

" 'When a motion in limine is denied, the moving party must object to the evidence at trial to preserve the issue on appeal.' " *State v. Hall,* 246 Kan. 728, 739, 793 P.2d 737 (1990) (quoting *Douglas v. Lombardino,* 236 Kan. 471, Syl. ¶ 2, 693 P.2d 1138 [1985]). Although defense counsel timely objected to the testimony of Detective Shaft, he made no objection during the testimony of Detective Marshall, nor did he assert any objection during the prosecutor's remarks in closing arguments. The objection defense counsel made to the questioning of Detective Shaft was not a continuing objection. Defendant has failed to preserve this issue for appeal, at least as to the testimony of Detective Marshall and counsel's closing arguments.

In addition, we have carefully considered the record on appeal, and even if the testimony had been objected to we would conclude that there was no abuse of discretion by the trial court in admitting the testimony of the detectives. There has been no showing that the evidence which was admitted at trial, as a part of the State's case in proving the elements of the crime charged, was improperly considered by the jury during the sentencing proceedings. We conclude the issue lacks merit.

As his next issue, the defendant asserts that the aggravating factor set forth in K.S.A. 1992 Supp. 21-4625(6) is unconstitutionally vague. The statute reads:

"The defendant committed the crime in an especially heinous, atrocious or cruel manner."

At the sentencing proceeding, the jury was provided with the following instruction explaining this aggravating factor:

"An especially heinous, atrocious or cruel homicide is one which is accompanied by such additional acts as to set the premeditated murder apart from the norm of premeditated murders.

"In determining whether the State has met its burden to prove beyond a reasonable doubt the existence of the alleged aggravating circumstance, you are instructed that the following words have the following meanings:
'Especially' means exceptional.
'Heinous' means extremely wicked or shockingly evil.
'Atrocious' means outrageously wicked and vile.
'Cruel' means designed to inflict a high degree of pain; or utter indifference to, or enjoyment of, the suffering of others; or pitiless."

This court has recently considered the question whether the aggravating factor found in K.S.A. 1992 Supp. 21-4625(6) is unconstitutionally vague. In *State v. Bailey,* 251 Kan. 156, 834 P.2d 342 (1992), we held a similar instruction to the one given in this case was sufficient and that K.S.A. 1992 Supp. 21-4625(6), when read in conjunction with the instruction given, was not unconstitutionally vague. The instruction approved in *Bailey* was based upon an instruction approved by the Oklahoma Court of Criminal Appeals in *Foster v. State,* 779 P.2d 591 (Okla. Crim. 1989). In *Foster* an identical aggravating factor was attacked as being unconstitutionally vague based upon *Maynard v. Cartwright,* 486 U.S. 356, 100 L. Ed. 2d 372, 108 S. Ct. 1853 (1988), wherein similar statutory language was considered in a *death penalty case.* Defendant asserts that in *Bailey* we failed to consider additional wording in the *Foster* instruction which was not included in the *Bailey* instruction, and therefore our decision in *Bailey* is fatally flawed.

While counsel for defendant is correct in his assertion that we did not include the complete instruction from *Foster* in our discussion in *Bailey* we conclude that, under the procedural facts here, the issue is not properly before the court in this appeal. The trial court reviewed the proposed instruction at length with counsel and defendant affirmatively approved the instruction as given. In the recent case of *State v. Deavers,* 252 Kan. 149, Syl. ¶ 4, 843 P.2d 695 (1992), we again stated the familiar rule when we held:

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds of the objection unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a

firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict."

After reviewing the entire record we cannot conclude that there "is a real possibility the jury would have returned a different verdict" on the issue of the hard 40 sentence even if the additional instruction from *Foster,* asserted now for the first time, had been given. *Bailey* was recently followed in *State v. Walker,* 252 Kan. 279, 845 P.2d 1 (1993).

There is another compelling reason why the issue lacks merit or further review. The instruction given, and now contended to be insufficient, is the identical instruction requested by the defendant at trial. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse,* 244 Kan. 292, 298-99, 767 P.2d 1308 (1989); *State v. Salton,* 238 Kan. 835, Syl. ¶ 1, 715 P.2d 412 (1986). Even if we assume that *Bailey's* reliance on *Foster* may merit reconsideration by this court, the issue is not properly before the court in this appeal. This issue of the defendant lacks merit.

Defendant's final issue on appeal is that the trial court committed error in failing to allow defense counsel to voir dire the jury prior to the penalty phase of the trial to ascertain whether the jurors remained impartial after viewing the trial evidence. It is the defendant's contention that a second voir dire is the only way to guarantee the defendant a fair trial by an impartial jury.

K.S.A. 1992 Supp. 21-4624(2) provides in pertinent part:

"Except as provided in K.S.A. 1992 Supp. 21-4622 and 21-4623 and amendments thereto, upon conviction or adjudication of guilt of a defendant of murder in the first degree based upon the finding of premeditated murder, the court upon motion of the county or district attorney, shall conduct a separate sentencing proceeding to determine whether the defendant shall be required to serve a mandatory term of imprisonment of 40 years. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. If any person who served on the trial jury is unable to serve on the jury for the sentencing proceeding, the court shall substitute an alternate juror who has been impaneled for the trial jury. If there are insufficient alternate jurors to replace trial jurors who are unable to serve at the sentencing proceeding, the trial judge may summon a special jury of 12 persons which shall determine the question of whether a mandatory term of imprisonment of 40 years shall be imposed. Jury selection procedures, qualifications of jurors and grounds for exemption or challenge of

prospective jurors in criminal trials shall be applicable to the selection of such special jury."

This court recently considered the same issue in *State v. Bailey,* 251 Kan. 156. There, the defendant argued a second voir dire was authorized by 21-4624(2). After quoting the statute, this court stated:

"The statute clearly contemplates that sentencing proceedings shall be before the trial jury with alternate jurors being substituted when necessary. It is only when this is not possible that a new jury is impaneled. Jury selection procedures, including voir dire, come into play only if a new jury is to be impaneled.

"In the case before us, a new jury was not impaneled. The trial jury heard the sentencing proceeding. We find this issue to be without merit." 251 Kan. at 169-70.

In short, *Bailey* held that where the trial jury serves as the jury in the sentencing proceeding, K.S.A. 1992 Supp. 21-4624(2) does not authorize a second voir dire following conviction and prior to the sentencing proceeding.

The two cases relied upon by defendant, *Stroud v. United States,* 251 U.S. 15, 64 L. Ed. 2d 103, 40 S. Ct. 50 (1919), *reh. denied* 251 U.S. 380 (1920), and *Crawford v. Bounds,* 395 F.2d 297 (4th Cir. 1968), do not support defendant's contention that a second voir dire was required. The voir dire at issue in those cases occurred before trial; neither case involved the issue whether the defendant was entitled to a second voir dire of the jury before sentencing.

In the present case, the defendant had an opportunity for full voir dire of all prospective jurors during selection of the trial jury. No special jury was ever impaneled. Under such circumstance, defendant's right to a fair trial by an impartial jury has not been infringed upon. Defendant's contention is without merit.

The judgment and sentence are affirmed.