No. 107,671

STATE OF KANSAS, *Appellee*, v. TRAVIS EUGENE PHILLIPS, *Appellant*.

(311 P.3d 1123)

Opinion filed October 25, 2013.

*Gerald E. Wells*, of Lawrence, was on the brief for appellant.

*Jeffery Ebel*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Travis Eugene Phillips appeals from the district court's denial of his motion to correct an illegal sentence.

In 1991, a jury convicted Phillips of premeditated murder. Prior to trial, on September 5, 1991, the Assistant Saline County Attorney filed a motion for a separate sentencing proceeding to determine whether Phillips should be sentenced to a mandatory term of 40 years imprisonment. On September 10, 1991, the district court conducted the preliminary hearing and arraignment. The transcript of that hearing shows that the county attorney personally served on Phillips' counsel a notice of her intent to request a separate sentencing proceeding, and the certificate of service was dated September 10. The docket sheet showed September 11, 1991, as the date the notice was filed with the court.

Following Phillips' conviction, the district court held a separate sentencing hearing and adopted the jury's recommendation that it sentence Phillips to a hard 40 life sentence. This court subse-

quently affirmed the judgment and the sentence. See *State v. Phillips*, 252 Kan. 937, 850 P.2d 877 (1993).

In 2011, Phillips filed a pro se motion pursuant to K.S.A. 22-3504 seeking correction of an illegal sentence, alleging, among other issues, that both the service and the filing of the notice of the State's intent to ask for a separate sentencing hearing had not complied with statutory mandates. The district court denied the motion without a hearing. Phillips appealed, and this court assumed jurisdiction under K.S.A. 22-3601(b).

In considering Phillips' argument that the court erred in denying his motion to correct an illegal sentence, we apply a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013); *State v. Heronemus*, 294 Kan. 933, 935, 281 P.3d 172 (2012).

In *State v. Clemons*, 261 Kan. 66, 72, 929 P.2d 749 (1996), this court held that the statutory notice provisions of K.S.A. 1992 Supp. 21-4624(1) were mandatory. If we decide that the State violated the statutory notice requirements, we must vacate Phillips' sentence and remand for resentencing.

K.S.A. 1991 Supp. 21-4624(1) provided:

"If a defendant is charged with murder in the first degree, the county or district attorney shall file written notice if such attorney intends, upon conviction or adjudication of guilt of the defendant, to request a separate sentencing proceeding to determine whether the defendant should be required to serve a mandatory term of imprisonment of 40 years. *Such notice shall be filed with the court and served on the defendant or the defendant's attorney at the time of arraignment.* If such notice is not filed and served as required by this subsection, the county or district attorney may not request such a sentencing proceeding and the defendant, if convicted of murder in the first degree, shall be sentenced as otherwise provided by law, and no mandatory term of imprisonment shall be imposed hereunder." (Emphasis added.)

Phillips initially argues that his hard 40 life sentence is illegal because the State failed to file the notice before or at the time of his arraignment. He points out the notice was not file-stamped until the day after the arraignment hearing.

This court has held that filing a sentencing notice with a court pursuant to K.S.A. 1991 Supp. 21-4624(1) may be accomplished

when the judge personally accepts custody of the paper. *State v. Peckham*, 255 Kan. 310, 316-17, 875 P.2d 257 (1994); see K.S.A. 1991 Supp. 60-205(e); *State v. Harris*, 259 Kan. 689, 709-10, 915 P.2d 758 (1996); *State v. Williams*, 259 Kan. 432, 443-44, 913 P.2d 587, *cert. denied* 519 U.S. 829 (1996); *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, Syl. ¶ 1, 721 P.2d 278 (1986).

The record contains ample evidence showing that the State provided the district court with adequate notice to comply with the statutory requirement. First, written on the front of the notice document were the words "to be filed" and the trial judge's initials. Second, the trial judge referred to the notice in open court at the arraignment hearing on September 10 and stated that the motion for a separate sentencing hearing had already been filed. Even though the notice was not file-stamped by the clerk until the next day, a hard 40 notice could be file stamped later than the arraignment date, "provided the record shows that the State delivered notice to the judge with intent to file pursuant to K.S.A. [1991 Supp.] 60-205(e)." *State v. Duke*, 263 Kan. 193, 197, 946 P.2d 1375 (1997). Phillips demonstrates no error in the timing of the filing of the notice.

Phillips also contends that the notice was not served on him or his attorney before or at arraignment, as required by the statute.

A review of the arraignment transcript shows that the court referred to both the motion for a separate hearing and the notice of that hearing, and neither the defendant nor his counsel expressed any surprise or objected to consideration of the separate hearing for want of service. The notice document contains a certificate of service, signed by the county attorney, stating that it was personally served on Phillips' attorney on the day of the arraignment.

When an attorney signs a pleading, the facts represented in the pleading must be grounded in the truth. *Finley v. Estate of De-Grazio*, 285 Kan. 202, 209, 170 P.3d 407 (2007). K.S.A. 1991 Supp. 60-211 provided that the signature on a pleading constituted a certificate that the contents of the pleading were "well grounded in fact"; a signed pleading or motion that was not well grounded in fact made the signer subject to court-imposed sanctions.

Phillips made no issue of the veracity of the signed notice of service at the time of the arraignment hearing. In the present appeal, he offers this court nothing to rebut a presumption that the notice of service was truthful and complied with the statutory notice requirement.

We agree with the district court's finding that the State complied with K.S.A. 1991 Supp. 21-4624(1). The judgment of the district court summarily denying Phillips' motion is affirmed.

Affirmed.