NOT DESIGNATED FOR PUBLICATION

No. 112,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

EDWARD NEWSON, III,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, judge. Opinion filed November 20, 2015. Affirmed in part, vacated in part, and remanded with directions.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*: Edward Newson, III, appeals the district court's denial of his motion to convert sentence. The district court summarily denied the motion and prohibited Newson from filing any additional motions regarding his sentence without leave of the court. Because Newson is raising the same sentencing claim that he has unsuccessfully raised before, the district court did not err in summarily denying the motion. However, we vacate the district court's order restricting Newson from filing future motions and remand for further proceedings consistent with this opinion.

1

*Facts*

In 1991, Newson entered an *Alford* plea of guilty to indecent liberties with a child. The plea negotiations recommended that Newson receive an indeterminate sentence of 3-10 years. The district court initially imposed a 5-year suspended sentence.

In 1996, Newson admitted to violating the terms of his suspended sentence. The district court revoked Newson's suspended sentence, imposed an indeterminate 5- to 20-year sentence, and then granted him probation. In addition to imposing the indeterminate sentence, the district court also made findings as to what Newson's sentence would be under the Kansas Sentencing Guidelines Act (KSGA). In imposing the "dual sentence," the district judge stated:

> "And to help assure that the Court means business on this, I—the sentence was initially suspended, so I'm going to impose a sentence at this time and again grant that probation, reinstatement of probation from that sentence, and I'm going to impose the maximum sentence. It's going to be a minimum sentence of 5 years and a maximum sentence of 20 years, which then converts to Severity Level 3, Criminal History Category G under the sentencing guidelines law, and that will convert for a maximum sentence of 64 months under sentencing guidelines."

Following another probation violation in 1997, the district court revoked Newson's probation and ordered him to serve the underlying sentence. The district judge then informed Newson that his sentence would not likely be converted under the KSGA:

> "Probably the Department of Corrections will not convert him, because number one, he probably is not convertible anyway; but even if he were, it would not be to his advantage to be converted, because his sentence under the old law is less than it would be under the new law.

"So, he would be eligible for a parole under the old law after about two and a half years, while a 64 month sentence is considered to be considerably more than that. So, I would anticipate that he would not actually be converted under that.

"I still have to make these findings, that it is up to the Department of Corrections to make the conversion calculations to see if he would benefit, even if he would not be eligible."

The record does not reflect that Newson timely appealed his sentence. The Kansas Department of Corrections did not convert Newson's indeterminate sentence to a sentence under the guidelines.

In 1999, the district court denied Newson's "motion to correct sentence" which challenged his sentence, in part, because "he was resentenced to a term of 5 to 20 years at his probation revocation hearing" contrary to his plea agreement. Newson did not appeal this ruling. Then, in 2004, this court addressed the district court's denial of Newson's "motion to correct an illegal sentence" alleging that the district court had improperly resentenced him to a term of 5-20 years contrary to the 3-10 years agreed upon in the plea agreement. This court found that the district court did not abuse its discretion in sentencing Newson and that his sentence was not illegal. *State v. Newson*, No. 89,155, 2004 WL 835848 (Kan. App. 2004) (unpublished opinion), *rev. denied* 278 Kan. 850 (2004) (*Newson I*).

In 2012, in *State v. Newson*, No. 106,472, 2012 WL 5519177 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1253 (2013) (*Newson II*), this court addressed the district court's summary denial of Newson's "Motion for Order to Correct Illegal Sentence" and a "Motion for Order of Nunc Pro Tunc" as being successive. In his motions, Newson argued that "his sentence was illegal because it was different than the sentence in the plea agreement." 2012 WL 5519177, at *2. He further argued that "his sentence should have been converted under the new sentencing guidelines and that he should have been provided representation when the new guidelines became active." 2012

3

WL 5519177, at *2. On appeal, this court found that Newson's sentencing argument was barred by res judicata given that he had raised the same sentencing claims before the district court in 1999 and then again in *Newson I*. *Newson II*, 2012 WL 5519177, at *3.

In 2014, Newson filed a "motion to convert sentence" with the district court arguing that his indeterminate 5- to 20-year sentence should be converted to the 64-month guidelines sentence announced at the time the district court revoked his probation and ordered him to serve the underlying sentence. In response, the State argued that Newson's sentencing claim was barred by res judicata and should be denied as successive. Additionally, the State requested that the district court enter an order requiring that Newson seek and receive permission from the district court prior to filing any additional motions attacking his sentence. The district court summarily denied Newson's motion and entered an order stating:  "[Newson] must obtain the Court's permission to file any additional motions regarding his sentence." Newson timely appeals from this ruling.

*Denial of Motion to Convert Sentence*

On appeal, Newson claims the district court erred in denying his motion to convert sentence. Newson has repeatedly argued since 1999 that his sentence is illegal. His motions have focused on his claims that the district court should have imposed the plea negotiated sentence and that his indeterminate sentence should have been converted to a sentence under the guidelines.

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or in the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A.

4

22-3504(1) has very limited applicability. *State v. Davis*, 288 Kan. 153, 154-55, 200 P.3d 443 (2009); see *State v. Lawson*, 296 Kan. 1084, 1099, 297 P.3d 1164 (2013).

Whether a criminal sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). When a district court summarily denies a motion to correct illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motion, records, and files as the district court. *State v. Phillips*, 298 Kan. 270, 271, 311 P.3d 1123 (2013).

We first note that Newson makes no effort in his brief to argue that the illegal sentencing claim raised in his "motion to convert sentence" established grounds for relief. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). Instead, Newson argues that the district court in summarily denying his motion failed to make adequate findings as required under Supreme Court Rule 183(j) (2014 Kan. Ct. R. Annot. 287). Newson asserts that the district court's failure to comply with Rule 183(j) requires this court to remand the case for findings of fact and conclusions of law on his illegal sentencing claim.

Rule 183(j) requires a district court to "make findings of fact and conclusions of law on all issues presented" in a K.S.A. 60-1507 motion. Rule 183 does not apply to motions to correct an illegal sentence. *State v. Hoge*, 283 Kan. 219, 222, 150 P.3d 905 (2007). We may construe a motion to correct illegal sentence as a K.S.A. 60-1507 motion, but Newson does not argue so here. See *State v. Harp*, 283 Kan. 740, 744-45, 156 P.3d 1268 (2007).

Our Supreme Court in *Hoge* held that even though Rule 183(j) does not apply to motions to correct an illegal sentence, "a district court is required to make findings of fact and conclusions of law on all issues presented by the motion and those findings and

5

conclusions must be sufficient to allow meaningful appellate review." 283 Kan. at 222. Moreover, Supreme Court Rule 165 (2014 Kan. Ct. R. Annot. 272) requires the district court to state findings of fact and conclusions of law when it decides contested matters submitted to it without a jury. The rule references K.S.A. 60-252, which in turn allows a party to move for amended or additional findings. See K.S.A. 2014 Supp. 60-252(b).

We agree with Newson that the district court failed to explain its ruling in denying the motion. Instead, the district court memorialized its ruling on a minute sheet simply with a checkmark in the box next to the preprinted word: "Denied." However, Newson did not object to the district court's inadequate findings of fact or conclusions of law. Nor did he move for amended or additional findings. In the absence of such an objection or request, Newson did not meet his burden to preserve this issue for appeal and we may presume the district court found all facts necessary to support its judgment. See *State v. Edwards*, 290 Kan. 330, Syl. ¶ 5, 226 P.3d 1285 (2010).

Moreover, the lack of findings by the district court concerning Newson's motion does not preclude meaningful appellate review. This court previously has addressed Newson's sentencing claims. In 2004, this court concluded that Newson's sentence was not illegal. *Newson I*, 2004 WL 835848, at *4. Newson continued to argue the same substantive issues in *Newson II*. Specifically, one of Newson's motions had alleged that "his sentence should have been converted under the new sentencing guidelines." *Newson II*, 2012 WL 5519177, at *2. On appeal, this court found that Newson's sentencing argument was barred by res judicata. *Newson II*, 2012 WL 5519177, at *3.

Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. Issues that could have been raised, but were not, are deemed waived. *Drach v. Bruce*, 281 Kan. 1058, 1079, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007). Here, the record is clear that Newson is raising the same sentencing claim that he has unsuccessfully raised before, including

6

his claim that his sentence should have been converted under the new sentencing guidelines. Because Newson continues to claim his sentence is illegal, this issue is barred by res judicata. The district court did not err in summarily denying Newson's motion.

*Restrictions on Future Filings*

We next address Newson's claim that the district court's order requiring Newson to "obtain the Court's permission to file any additional motions regarding his sentence" is an impermissible filing restriction contrary to our Supreme Court's decision in *Holt v. State*, 290 Kan. 491, 232 P.3d 848 (2010). We review district court decisions on docket management for abuse of discretion. 290 Kan. at 502.

In *Holt*, our Supreme Court established that a district court has the power to impose filing restrictions to curb abusive filing practices. Our Supreme Court stated:

> "'[A] court has certain inherent powers it may exercise, those reasonably necessary for the administration of justice, provided these powers in no way contravene or are inconsistent with substantive statutory law. [Citations omitted.] Such powers may be exercised as a means of enforcing obedience to a law which the court is called on to administer.' [Citation omitted.]" 290 Kan. at 497.

But such restrictions are not without limitations. The restrictions must be reasonable. Blanket prohibitions or outright bans are an impermissible restriction on a party's access to the courts. 290 Kan. at 501. Moreover, "before the court-imposed filing restrictions become effective, the party subject to them is entitled to notice and an opportunity to be heard in opposition," but "the objecting party need not be physically present and may voice any objections in writing." 290 Kan. at 501.

Newson does not complain that the district court did not give him notice of the decision or an opportunity to be heard. However, Newson argues that the district court's

7

order is an "outright ban" on any additional motions challenging his sentence. He also argues that the order did not set forth the expectations or conditions he must meet to file any future motion challenging his sentence. The State contends that the district court's order was proper because the record indicates that the district court imposed the filing limitation in response to the State's request that the district court address Newson's repeated attempts to challenge the legality of his sentence under K.S.A. 22-3504.

We disagree with Newson's assertion that the district court's order is an outright ban on future motions challenging his sentence. The district court's order allows Newson to file additional motions with the court's permission. But the district court's order still falls short of what is required to properly restrict a person's right of access to the courts. First, the district court failed to give Newson notice and an opportunity to be heard, at least in writing, before it imposed the filing restrictions. See *Holt*, 290 Kan. at 501. Moreover, even though we find that it may be reasonable for the court to impose filing restrictions under the circumstances presented, the district court's order does not specify or enumerate any conditions Newson must meet to "obtain the Court's permission" to allow future filings. See, *e.g.*, *State ex rel. Stovall v. Lynn*, 26 Kan. App. 2d 79, 81-82, 975 P.2d 813 (reasonable restrictions include enumerated prefiling conditions), *rev. denied* 267 Kan. 890 (1999).

Thus, we vacate the district court's order restricting future filings by Newson. If the district court wishes to follow through with restricting future filings, the district court must give Newson notice and an opportunity to be heard, at least in writing. Any order that restricts Newson from filing future motions must be carefully drawn to enumerate any conditions Newson must meet to obtain the court's permission to file additional motions, consistent with the directives of *Holt* and *Lynn*.

Affirmed in part, vacated in part, and remanded with directions.

8